STATE v. REUBEN BARBEE.

*·· Intent—Evidence of—Prayers for Instructions.*

1. The law presumes that every one intends to produce the consequences that result from his acts, but this presumption is not conclusive, but only *prima facie* evidence of the intent.

2. Where the defendant was indicted under section 1100 of *The Code,* for shooting at a train, with intent to injure it, and there was evidence tending to show that he was helplessly drunk at the time, the Court properly left the question of intent to the jury, and it was for them to say whether the presumption had been rebutted.

3. The defendant only has the right to ask for special instructions before the case is given to the jury, but if after the jury have retired, the Court should recall them and instruct them further, the defendant can except if the charge is incorrect.

(*State* v. *Phifer,* 90 N. C., 721, cited and approved).

This was an INDICTMENT for shooting at a railroad train, tried before *Shepherd, Judge,* and a jury, at Spring Term, 1885, of DURHAM Superior Court.

There was evidence tending to show that the defendant shot at the passenger train on the North Carolina Railroad, as charged in the indictment. That shortly before the shooting his pistol was taken away from him, when he demanded it, drew his knife, and threatened to cut the person who had gotten his pistol from him. That when his pistol was restored to him he fired three times at the train, while within range of his pistol, but there was no evidence that the train was actually struck. The defendant introduced evidence tending to show that at the time he was helplessly drunk.

The defendant asked the Court to charge the jury : 1st. That there was no evidence of any intent on the part of the defendant to injure the cars, or any one on them. 2d. That in the absence of such intent, it was the duty of the jury to acquit, the intent being an ingredient of the offence. His Honor refused the first instruction, and gave the last, and charged the jury as set out in the opinion of the Court.

After the jury had retired to consider of their verdict, the defendant presented certain prayers for instruction, and requested the Court to give them to the jury, if they should ask further instructions from the Court. The jury did ask for further instructions in regard to the presumption as to the intent. The Court charged them, as set out in the opinion, but did not give the special charges asked by the defendant.

There was a verdict of guilty, and from the judgment pronounced thereon, the defendant appealed.

*Attorney-General* and *Batchelor & Devereux,* for the State.
*Mr. E. C. Smith,* for the defendant.

MERRIMON, J. The defendant is indicted for shooting "a missil, pellet, shot, and bullet at, against, and into, a certain rail-

road car, locomotive and train   *   *   *   *   *   with intent to injure the said car and locomotive," in violation of the statute (*The Code*, sec. 1100).

The Court refused to instruct the jury, as the defendant requested it to do, that there was no evidence of his *intent* to injure the car as charged, and he excepted.

There is not the slightest foundation for this exception. The case states that there was evidence tending to show, that " he (the defendant) was helplessly drunk," but it appears also, that after his pistol had been taken from him, he drew his knife and threatened to cut the person who had it, got possession of it again, and discharged it three times at the train, first toward the locomotive as it approached, then at the train as it passed him, then, turning, just after it passed him. A man, who could thus deport himself, certainly had capacity to have a purpose, and his act of itself indicated a design to injure the train.

Whatever evidence there may have been before the court and jury in respect to his state of intoxication, it is obvious there was evidence—some evidence—tending to show the intent charged in the indictment, and evidence that properly went to the jury with other evidence, to be weighed and passed upon by them.

The Court submitted the whole evidence to the jury, with the instruction that if "the defendant was so drunk that he did not know what he was doing, the *prima facie* case would be rebutted," and he would not be guilty. He could not reasonably ask, and the court was not authorized to say more, in view of the evidence.

Upon the question of intent, at the request of the defendant, the Court charged, "that in the absence of such intent, it is the duty of the jury to acquit, the intent being an ingredient of the offence," but the Court added, that if the defendant wilfully and intentionally discharged his pistol at the train, as it was moving within range of his pistol, and such shooting, under the circumstances, would naturally and necessarily result in injury to the train, then, "the law presumes that he intended such injury, and

it devolved upon him to rebut the *prima facie* case as to the intent."

This instruction was substantially correct. The law presumes that every man intends to produce the consequences that voluntarily result from his acts and conduct. This presumption, however, is not conclusive, it is evidence only so far as to prove a *prima facie* case in respect to the intent, and cast the burden of disproving it upon the defendant. If nothing further appeared than the shooting as described, then the jury ought to have convicted; but if there was rebutting and opposing evidence, then it was for the jury to determine whether or not the presumption was disproved. The Court thought there was evidence tending to rebut the presumption, and hence he gave the instruction as he did. He did not tell the jury that the presumption was conclusive; he told them just the contrary, and properly, that the burden was on the defendant to show that he did not have the intention attributed to and charged against him. The natural consequence of his shooting at the train within range of his pistol was to injure it in the sense of the statute, and the presumption was that he so intended, and, nothing else appearing, the jury ought to have convicted; but he offered evidence tending to rebut the presumption, and then it was the duty of the jury to determine whether or not he did successfully rebut it; they found by the verdict of guilty that he did not. *State v. Phifer*, 90 N. C., 721.

The defendant asked the Court to give two special instructions to the jury. One of them it gave, the other it declined to give.

After the Court gave the issue to the jury and they had retired to consider of their verdict, and had been absent some considerable time, the defendant requested the Court to give the jury, if they should ask for further instructions, several special instructions as to the intoxication of the defendant and reasonable doubt, in respect to two or three aspects of the evidence. The jury returned some time afterwards, and requested the Court to instruct them further as to the presumption of intent. The Court did

not give the special instructions prayed for by the defendant, nor make any reference to them in the presence of the jury; but in reply to their inquiry, instructed them "that if the defendant knew what he was doing, and shot at the train under such circumstances as would naturally and necessarily result in injury to the train, or some passenger, the law presumes he intended such injury." This was strictly in reply to the inquiry of the jury and was substantially correct. The Court might—perhaps ought —then, again to have told them, as it did in the charge at first given, that the presumption was not conclusive, that the defendant had the right to rebut it, and they could consider whether or not he had done so successfully; but in view of the explicit instructions it had already given, it was not bound to do so.

And, indeed, the instructions plainly indicated the right to rebut the presumption, and the effort of the defendant to do so, for the Court said, "if the defendant knew what he was doing," &c., having reference to the exculpatory evidence. It did not necessarily mislead the jury. We cannot see, and it does not appear, that it probably did. The just and circumspect Judge before whom the case was tried did not think so; if he had so believed, we are sure he would have promptly granted the motion made before him for a new trial.

The Court was not bound to give the special instructions prayed for after the issue had been given to the jury. In the order of procedure in the trial, the defendant had the right, and the reasonable opportunity, to ask the Court to give such instructions before the issue was given to the jury; after that, the Court might, in its discretion, give or decline to give them. If this were not so, a party might vexatiously prolong the trial, confuse the jury, and perhaps disappoint the ends of justice. The defendant must ask for special instructions, as of right, in apt time in the progress of the trial, else the Court may decline to give them. But if the Court shall recall the jury and instruct them further, giving special or any instructions, it must give them correctly, else a party may except for error.

There is no error. The judgment must be affirmed, and to that end let this opinion be certified to the Superior Court according to law.

No error.                                                    Affirmed.