## STATE v. ENOCH POTTER.

(Filed 16 May, 1923.)

**1. Intoxicating Liquor—Spirituous Liquor—Evidence—Statutes—Prima Facie Case—Nonsuit—Trials.**

Evidence that large quantities of whiskey were found concealed in the defendant's dwelling and on his premises, that a pathway led from the defendant's house to several stills having the appearance of their recent operation, constitutes prima facie evidence that it was in violation of C. S., 3379, and defendant's motion to dismiss as in case of nonsuit is properly disallowed.

**2. Verdict — Surplusage—Intoxicating Liquor—Spirituous Liquor—Ambiguity—Statute.**

Where the evidence of possession of whiskey by defendant is prima facie sufficient to show his unlawful purpose of sale, a verdict of "guilty of having too much liquor in his possession for the purpose of sale" is not objectionable as not responsive to the issue; or ambiguous admitting of explanation by reference to the evidence and the charge, the words "too much" being regarded as surplusage.

APPEAL by defendant from *McElroy, J.,* at Fall Term, 1922, of WATAUGA.

The defendant was convicted of a violation of the prohibition law, and he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Lowe & Love for defendant.*

ADAMS, J. The State's evidence tended to show these circumstances: In May, 1920, the officers searched the defendant's premises and found whiskey in an old house a short distance from his dwelling. In the "loft" they found one gallon in a jug and concealed in the ground a barrel containing twenty gallons. The barrel was covered with boards and the boards with trash. About 500 yards from the defendant's house were two still sites, at one of which a still had recently been operated. At each of these sites the officers found "spent beer," and in the defendant's house they found a fermenter which had been used within the three or four months next preceding. There was a path between the dwelling and the old house and another between the old house and one of the still sites. There was other evidence for the State, and evidence for the defendant in rebuttal.

The defendant first excepted to the court's refusal to dismiss the action as in case of nonsuit, but according to repeated decisions the

exception is clearly untenable.   *S. v. Carlson,* 171 N. C., 818; *S. v. Jenkins,* 182 N. C., 818; *S. v. Clark,* 183 N. C., 733.

The statute makes it unlawful for any person to have or keep in his possession any spirituous liquors for the purpose of sale, and provides that the possession of more than one gallon at any one time shall constitute prima facie evidence of a violation of the statute.   C. S., 3379. The jury returned for their verdict, "Guilty of having too much liquor in his possession for the purpose of sale."   The defendant excepted on the ground that the verdict is not responsive to the issue, but this position cannot be sustained.   The verdict is not insufficient as in *S. v. Parker,* 152 N. C., 790; *S. v. Whitaker,* 89 N. C., 472, and *S. v. Hudson,* 74 N. C., 246; nor ambiguous, admitting of explanation by reference to the evidence and charge, as in *S. v. Gilchrist,* 113 N. C., 674; *S. v. Gregory,* 153 N. C., 646, and *S. v. Brame, ante,* 631; but it is to be construed as if the words "too much," which are surplusage, had been omitted.   *S. v. McKay,* 150 N. C., 813; *S. v. Snipes, post,* 743.

We find no error in the record.