STATE v. TROY ELLIOTT AND JOSEPH ELLIOTT.

(Filed 20 September, 1950.)

**1. Criminal Law § 1b—**

A person is presumed to intend the natural consequences of his act and therefore, where a specific intent is not an element of the crime, proof of the commission of the unlawful act is sufficient to support a verdict; but such presumption is not conclusive but merely establishes a *prima facie* case in respect to intent.

**2. Intoxicating Liquor § 7—**

A person cannot be guilty of transporting intoxicating liquor in his automobile unless he has knowledge of the presence of the liquor, since a general intent to commit the act is essential; and while such intent will be presumed from proof of the act and is sufficient to make out a *prima facie* case, such presumption is rebuttable.

**3. Intoxicating Liquor § 9f—**

Where, in a prosecution for unlawful possession and transportation of intoxicating liquor, defendant specifically pleads want of knowledge of the presence of liquor in his automobile and offers evidence in support of that plea, he raises an issue of fact for the determination of the jury, and it is error for the court to fail to instruct the jury that defendant would not be guilty in the absence of knowledge that the liquor was in his automobile, this being a part of the law of the case arising upon the evidence.

APPEAL by defendant Troy Elliott from *Morris, J.,* April Term, 1950, PERQUIMANS. New trial.

Criminal prosecution under two separate bills of indictment, consolidated for trial, in which defendants are charged with the violation of the prohibition statute in the following respects, to wit: unlawful possession for the purpose of sale, unlawful possession, and transportation of illicit intoxicating liquor.

On 12 April 1949, at about 11:00 p.m., the sheriff of the county saw the automobile of defendant Troy Elliott come to a stop on a back street of the town of Winfall. Troy and his brother, the defendant Joseph Elliott, were seated on the front seat. Joseph was at the wheel. One D'Autrey Riddick was on the back seat. The sheriff approached the car

and found a five-gallon jug containing about four gallons of nontax-paid liquor partially concealed in a grass bag in the back seat of the car.

Defendant testified that they passed Riddick about two miles out of town; that Riddick was then walking along the road with a box under his arm and a bag on his back; that Troy recognized him and told Joseph to stop and pick him up; that they did stop and Riddick got in the back seat; and that they knew nothing about the contents of the bag until the sheriff discovered it.

Riddick was tried and convicted on a charge of unlawful possession and transportation.

There was a verdict of guilty of unlawful possession and transportation. The court pronounced judgment on the verdict and defendant Troy Elliott appealed.

*Attorney-General McMullan, Assistant Attorney-General Bruton, and John R. Jordan, Jr., Member of Staff, for the State.*

*Walter H. Oakey, Jr., for defendant appellant.*

BARNHILL, J. The appellant excepts for that the court failed to charge the jury that in order to find the defendants guilty of possession or transportation of intoxicating liquors as charged, they must find defendants had guilty knowledge of the presence of the liquor in the automobile. This exception must be sustained.

A person is presumed to intend the natural consequences of his act. *S. v. Phifer,* 90 N.C. 721; *S. v. Barbee,* 92 N.C. 820; *S. v. Davis,* 214 N.C. 787, 1 S.E. 2d 104; *Warren v. Insurance Co.,* 217 N.C. 705, 9 S.E. 2d 479. Hence, ordinarily, where a specific intent is not an element of the crime, proof of the commission of the unlawful act is sufficient to support a verdict. *S. v. Davis, supra.* It follows that the State made out a *prima facie* case when it offered testimony tending to show that there was a jug containing four gallons of liquor on the automobile then in the possession of and being operated by defendants.

Nothing else appearing, it would not be necessary for the court, in the absence of a prayer, to make reference in its charge to guilty knowledge or intent. *Scienter* is presumed. "The presumption, however, is not conclusive; it is evidence only so far as to prove a *prima facie* case in respect to the intent." *S. v. Barbee, supra.*

Here the appellant specifically pleads want of knowledge of the presence of liquor on the automobile and offered evidence in support of that plea. He thereby raised a determinative issue of fact. Indeed, it was the only controverted issue in the trial. Thus, under the circumstances of this case, guilty knowledge on the part of the appellant is an essential element of the crimes charged, and the law in respect thereto becomes a

part of the law of the case which should be explained and applied by the court to the evidence in the cause. *S. v. Welch, ante,* 77.

The court, it is true, charged the jury that defendants contend the liquor belonged to Riddick and that they had no knowledge the liquor was in their automobile. It is now asserted that the full statement of these contentions, considered in connection with the instructions on the law, meets the objection interposed by the appellant. But the court charged the jury that if they were satisfied beyond a reasonable doubt that the defendant Troy Elliott, at the time and place in question, was transporting illicit liquor in the quantity of four gallons or thereabouts, they should return a verdict of guilty on that count. There was a similar instruction on the charge of unlawful possession.

The appellant admits that he owned the automobile which was being operated by his brother with his consent and in his presence, and that the sheriff found the liquor on his car. Thereby, he admits in effect that he was transporting liquor, though he says he was not aware of the fact at the time. Thus the instruction of the court on the law overlooks the contention of the defendant and the evidence in support thereof and cuts the ground from under him on his defense. *Non constat* he was transporting liquor, he is not guilty of the offense charged unless he had knowledge the liquor was on his automobile. A general intent to commit the act charged is essential. *S. v. Welch, supra.*

Under the circumstances of this case the court should have instructed the jury that the defendant is guilty only in the event he knew the liquor was on his automobile and that if he was ignorant of that fact, and the jury should so find, they should return a verdict of not guilty.

For the reasons stated there must be a

New trial.