STATE v. JILES.

(Filed 27 March 1968.)

**1. Criminal Law § 104—**

On motion to nonsuit, the evidence must be considered in the light most favorable to the State and only the evidence favorable to the State will be considered, and defendant's evidence relating to matters of defense will be disregarded.

**2. Criminal Law § 2—**

Where a specific intent is not an element of the crime charged, proof of the commission of the unlawful act is sufficient to support a verdict.

**3. Intoxicating Liquor §§ 15, 16—**

Evidence that officers observed defendant operating an automobile in which were found eleven one-half gallon plastic jugs containing nontax-

paid intoxicating liquor makes out a *prima facie* case of defendant's guilt of illegal possession and illegal transportation of intoxicating liquor, and the case is properly submitted to the jury, and the defendant's contention that the State's evidence failed to show guilty knowledge is without merit.

**4. Intoxicating Liquor § 19—**

Where, in a prosecution for unlawful possession and transportation of intoxicating liquor, the State's evidence makes out a *prima facie* case of the defendant's guilt, the intent of defendant is presumed from the unlawful acts, and where defendant's evidence relates solely to his defense of alibi, the trial court is not required to instruct the jury that defendant would not be guilty in the absence of knowledge that the liquor was in his automobile.

**5. Criminal Law § 163—**

Exceptions and assignments of error to the charge are improperly presented in the Court of Appeals when the appellant includes the charge in the stenographic transcript of the evidence rather than in the record on appeal. Rule of Practice in the Court of Appeals No. 19(a).

APPEAL by defendant from *Canaday, J.,* Second November 1967 Criminal Session of the Superior Court of WAKE County.

This criminal prosecution is based upon three warrants, all of which were issued on the 15th day of October, 1967. In these three warrants the defendant is charged with (1) illegal possession of intoxicating liquor, (2) illegal possession of intoxicating liquor for the purpose of sale, and (3) illegal transportation of intoxicating liquor. By consent, the three charges against the defendant were consolidated for the purpose of trial. The trial was upon a plea of not guilty, and a verdict of guilty as charged upon each of the three charges was rendered.

From a judgment of imprisonment in the Wake County Jail, the defendant appeals to the Court of Appeals.

*Attorney General T. W. Bruton, Assistant Attorney General William W. Melvin, and Staff Attorney T. Buie Costen for the State.*
*Nassif and Churchill by Carl Churchill, Jr., for the defendant.*

MALLARD, C.J. Defendant assigns as error the court's denial of his motion of compulsory nonsuit at the close of the State's evidence and at the close of all the evidence.

C. J. Williams, a witness for the State, testified that he is a detective sergeant with the Raleigh Police Department and was on duty as such on 15 October 1967. That at about 9:00 p.m., while he and another officer were patrolling on Hoke Street, he observed a

blue and white 1958 Buick automobile traveling west on Hoke Street turn right onto Mark Street, and after traveling about 1,000 feet on Mark Street, park in a yard in the 1,000 block of Mark Street. Officer Sparkman, who was driving the police car in which Officer Williams was riding, drove the police car up beside the Buick automobile, and the defendant, Norman Floyd Jiles, got out of the Buick automobile on the driver's side. The witness Williams recognized and spoke to the defendant. The defendant then walked around in front of the Buick which had its headlights on and then to his right along the side of a house. While the witness Williams was standing beside the Buick waiting for the defendant to return, a person by the name of Evelyn Jean Todd, who was a passenger in the Buick, opened the door, and a one-half gallon plastic jug fell out. Officer Sparkman picked it up, opened it, and found that it contained whiskey, and that there were no Federal or State tax stamps on the jug. Williams and Sparkman then arrested Evelyn Jean Todd for illegal possession of whiskey. Upon a search of the automobile in which Evelyn Jean Todd was sitting, ten one-half gallon plastic jugs of whiskey, on which were no Federal or State tax stamps, were found in the trunk. The officers obtained warrants for the arrest of the defendant Jiles, and at about 10:00 p.m. took the warrants to 528 East Hargett Street where the defendant lived. The defendant came to the front door, and the witness Williams told the defendant they had warrants for his arrest, whereupon the defendant said, "Let me see your warrant." Williams then started reading one of the warrants to the defendant Jiles, and the defendant Jiles said, "You don't have to read them, let's go." The witness Williams also testified that he had known Norman Floyd Jiles for about one year prior to 15 October 1967.

W. A. Sparkman, a witness for the State, testified that he is a Wake County ABC officer and on 15 October 1967 he was with Officer Williams. He has known Norman Floyd Jiles for about a year and recognized him on the night in question. Sparkman testified in substance to the same events that Officer Williams testified to, and his evidence tends to corroborate that of Officer Williams.

Annabelle Mitchell, a witness for the defendant, testified that she lived at 548 East Martin Street, that she has known Norman Floyd Jiles since 1959 and that she went to his home on 15 October 1967 at about 6:30 p.m. and that she remained there until the police came and arrested Norman at about 10:00 p.m. She further testified that at all times during this period, the defendant was also there and that she was positive he never left until he was carried away by the police. From the time that she arrived there until the

officers came and arrested him, they were looking at television and playing cards and that other people came during that time.

Lucy Mae Sanders, a witness for the defendant, testified that she went to the defendant's home on 15 October 1967 with Annabelle Mitchell. She and Annabelle arrived at about 6:30 p.m. and stayed there until the police arrived at about 10:00 p.m. Norman Jiles was there with them during the entire time and that he never left the house until the police took him away at about 10:00 p.m.

Rudolph Whitaker, a witness for the defendant, testified that he has known the defendant a long time. That he was at the defendant's home on 15 October 1967 from around 7:45 p.m. and was there continuously until the officers came and arrested the defendant around 10:00 p.m. The defendant did not leave the house from the time he arrived at about 7:45 p.m. until the officers came.

Walter Johnson, another witness for the defendant, testified that he has been knowing the defendant for about two years and that on 15 October 1967 at about 6:45 p.m. he went to the defendant's home and that the defendant was there and that he, the witness Johnson, stayed there with the defendant until the police came and arrested the defendant around 10:00 p.m. That the defendant did not leave the premises at any time.

The defendant did not testify.

On motion for nonsuit, the evidence must be considered in the light most favorable to the State. *State v. Overman,* 269 N.C. 453, 152 S.E. 2d 44. Only the evidence favorable to the State will be considered. *State v. Gay,* 251 N.C. 78, 110 S.E. 2d 458. Defendant's evidence relating to matters of defense will not be considered on a motion to nonsuit. *State v. Moseley,* 251 N.C. 285, 111 S.E. 2d 308. Applying these rules to the facts of this case, it is clear a question for the jury was raised, therefore, the court was correct in denying the motion for nonsuit.

The defendant argues, in support of this exception and assignment of error, that an essential element of the crime charged is not present in the evidence as it stood at the close of the State's testimony. He asserts that there is no evidence that the defendant had any knowledge of the fact that the liquor was in the automobile, and that guilty knowledge is an essential element of the crimes herein charged.

This contention is unavailing under the facts of this case. Where, as in violation of the State's liquor laws, a specific intent is not an element of the crime, proof of the commission of the unlawful act is sufficient to support a verdict. *State v. Elliott,* 232 N.C. 377, 378, 61 S.E. 2d 93; 48 C.J.S. Intoxicating Liquors § 222(b), 354. It follows

that the State made out a *prima facie* case when it offered evidence tending to show that there were eleven one-half gallon plastic jugs containing intoxicating liquor in the Buick automobile, that the jugs did not contain federal or state tax stamps, and that the Buick was then in the possession of and being operated by the defendant. *State v. Elliott, supra.* The defendant's assignment of error to the denial of his motion of nonsuit is without merit and is overruled.

The defendant next assigns as error the failure of the judge to charge the jury to the effect that knowledge is an essential element of the crime in each of the offenses with which the defendant is charged. The State made out a *prima facie* case against the defendant when it offered evidence tending to show that the Buick was in the possession of and being operated by the defendant, and that it had eleven one-half gallon jugs of illegal liquor in it. *State v. Elliott, supra.* A *prima facie* case having been made out by the State, the law presumes a person to intend the natural consequences of his act, and there was no evidence in this case to the contrary from which the jury could have found that the defendant had no knowledge of the presence of the intoxicating liquor in the automobile. The defendant's entire defense was an alibi, and therefore, according to this contention, the issue of knowledge of the presence of the intoxicating liquor was irrelevant. *A fortiori,* an instruction such as is now contended for by the defendant, would likely have been prejudicial to his defense of alibi. This assignment of error is overruled.

The defendant's third assignment of error is to the court's charge relating to the law of possession. This assignment of error is, however, predicated upon the proposition that the court was under the duty to charge the jury on guilty knowledge by the defendant. He asserts in support of this contention that the court should have charged the jury so as to require guilty knowledge by the defendant as a prerequisite to being guilty of the illegal possession and transportation of liquor. In view of our disposition of defendant's previous assignments of error relating to the question of the defendant's knowledge, this assignment of error is overruled.

However, it should also be noted that the defendant's exceptions and assignments of error to the charge of the court are not properly presented because he has failed to comply with the rules in that he includes the charge of the court in the stenographic transcript of the evidence instead of including it in the record on appeal. See Rule 19(a), Rules of Practice in the Court of Appeals of North Carolina.

The defendant has brought forward two additional assignments of error, one of which relates to the charge. However, after careful

consideration of each of these, we hold that they are without merit, require no discussion, and are overruled.

No error.

BROCK and BRITT, JJ., concur.