STATE OF NORTH CAROLINA v. CHARLES JOHN LINDQUIST

No. 721SC314

(Filed 24 May 1972)

1. **Searches and Seizures § 2— consent to search — waiver of search warrant**

    The owner of premises may consent to a search thereof and thus waive the necessity of a valid search warrant so as to render the evidence obtained in the search competent.

2. **Searches and Seizures § 2— consent to search — burden of proof**

    The consent of an owner to a warrantless search of his premises must be freely and intelligently given, without coercion, duress or fraud, and the burden is on the State to prove that it was so.

3. **Searches and Seizures § 2— consent to search — sufficiency of evidence**

    There was ample evidence presented at the *voir dire* hearing to support the trial judge's findings that the defendant freely and intelligently, without coercion, duress or fraud, consented to an officer's search of his automobile.

4. **Narcotics § 4— transportation of marijuana — sufficiency of evidence**

    The State's evidence was sufficient for the jury in a prosecution for transporting marijuana where it tended to show that two match boxes containing 56 grams of marijuana were found under the front seat of a car owned and operated by defendant, and that defendant's responses were slow and the pupils of his eyes were dilated when he was arrested.

5. **Narcotics § 5; Criminal Law § 124— possession and transportation — inconsistent verdicts**

    Where defendant was charged in a two-count bill of indictment with the possession and transportation of 56 grams of marijuana, failure of the jury to reach a verdict on the possession count did not invalidate the verdict of guilty on the transportation count, since consistency between verdicts on several counts is not necessary.

6. **Narcotics § 4.5 —transportation of marijuana — custody of passenger — instructions**

Where the evidence tended to show that marijuana was found under the front seat of an automobile owned and operated by defendant and occupied by two passengers, the trial court did not express an opinion in violation of G.S. 1-180 when it instructed the jury that the driver of an automobile is guilty of transporting marijuana if he knowingly carries in his automobile marijuana belonging to and in the custody of his passengers.

7. **Narcotics § 4.5— control over automobile — narcotics found therein — instructions**

In a prosecution for possession and transportation of marijuana, the trial court did not err in instructing the jury that exclusive control over an automobile is a circumstance to be considered in determining whether the defendant has knowledge and control over narcotics found therein.

8. **Narcotics § 5; Criminal Law § 138— transportation — punishment statute changed pending appeal**

A defendant whose appeal from a conviction of transporting 56 grams of marijuana was pending on the effective date of the Controlled Substances Act, 1 January 1972, is not entitled to the benefit of the more lenient punishment provisions of the new Act.

APPEAL by defendant from *Cohoon, Judge,* 6 December 1971 Session of Superior Court held in DARE County.

The defendant, Charles John Lindquist, was charged in a two count bill of indictment proper in form with the possession and transportation on 10 June 1971 of 56 grams of the narcotic drug marijuana in violation of G.S. 90-88 and 90-111.2(a). Upon the defendant's plea of not guilty the State offered evidence tending to show that on 10 June 1971 at about 12:50 a.m. Officer R. W. Pilgreen of the North Carolina Highway Patrol stopped an automobile owned and operated by the defendant. With the consent of the defendant, the officer searched the vehicle and found two match boxes containing marijuana under a tow bag under the front seat. Additional facts necessary for an understanding of the decision in this case are set out in the opinion. The defendant offered no evidence.

When the jury was unable to reach a verdict on the first count in the bill of indictment, the Court withdrew a juror and declared a mistrial on the count charging felonious possession of marijuana. The jury found the defendant guilty of the transportation of marijuana as charged in the second count of the

bill of indictment. From a judgment imposing prison sentence of 12 months, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Eugene Hafer for the State.*

*Christopher L. Seawell for defendant appellant.*

HEDRICK, Judge.

The defendant first contends that "the Court committed error in allowing into evidence the results of the search of the defendant's automobile by Officer Pilgreen."

[1, 2] "The owner of the premises may consent to a search thereof and thus waive the necessity of a valid search warrant so as to render the evidence obtained in the search competent. *State v. Colson, supra,* (274 N.C. 295, 163 S.E. 2d 376, *cert. den.* 393 U.S. 1087) ; *State v. Moore, supra,* (240 N.C. 749, 83 S.E. 2d 912). To have such effect, the consent of the owner must be freely and intelligently given without coercion, duress or fraud, and the burden is upon the State to prove that it was so, the presumption being against the waiver of fundamental constitutional rights. *State v. Little,* 270 N.C. 234, 154 S.E. 2d 61. However, the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694, in order to make competent a confession made in custody, need not be given by officers before obtaining the consent of the owner to a search of his premises. *State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25." *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

Since the officers in the present case had no search warrant, the defendant's objection to the evidence obtained as a result of the search of the defendant's vehicle raised a question of fact to be resolved by the trial judge as to whether the defendant's consent had been given freely and intelligently without coercion, duress, or fraud. *State v. Vestal, supra.*

To resolve the question thus presented, a *voir dire* hearing was held in the absence of the jury where the court heard evidence and made the following pertinent findings and conclusions:

" . . . that about 12:50 a.m., o'clock, June 10, 1971, the witness, R. W. Pilgreen, . . . stopped a vehicle in the vicinity of Frisco, which was being operated without a front head-

light, and which came over into his lane of travel, that in talking with the defendant, who was the driver of the vehicle, at the patrol car, as to who owned the car, the defendant stated that he was the owner of the car, but had not had the registration papers transferred, as the car had been traded.

That the defendant was advised by the patrolman that he was going to cite him for improper equipment violation for his light being out, since he, the officer, had seen this same car previously with a light out; that he observed the pupils of the defendant's eyes were somewhat dilated, and the officer asked the defendant for a right to search the vehicle, at which time the defendant responded 'Yes,' and then stated 'No,' that the officer then advised the defendant that he did not have to give consent to him to search the car, but when consent was given that he would have charge of the car for purposes of searching it, and to think about his decision while he was writing the ticket.

The officer thereafter asked the defendant, in the presence of Deputy Sheriff Basnett, who had come to the car in the meantime, 'Do you give me your permission to search your vehicle?', and the defendant stated, 'yes, I do', before asking questions of the defendant he asked the defendant had he thought it over, and he responded 'Yes.'

Thereafter search was made of the car.

. . . the officer had no warrant, and no search warrant.

The Court finds that the defendant was the driver and owner and in control of said vehicle, and freely, voluntarily, understandingly and without compulsion gave consent to the officer to search said vehicle.

The Court concludes . . . that after consent was given a search warrant was not required, and that such evidence, if any, produced as result of the consented search is admitted in evidence for such weight as the jury may see fit to give it."

[3] We hold there was ample competent evidence introduced at the *voir dire* hearing to support the trial judge's findings that the defendant freely and intelligently without coercion, duress or

fraud consented to Officer Pilgreen's warrantless search of his automobile. *State v. McVay* and *State v. Simmons,* 279 N.C. 428, 183 S.E. 2d 652 (1971); *State v. Blackwell,* 276 N.C. 714, 174 S.E. 2d 534 (1970). This assignment of error is not sustained.

[4] Assigning as error the denial of his motion "for dismissal or directed verdict of not guilty," the defendant asserts that there is absolutely no evidence that the defendant had any knowledge that the marijuana was in his automobile and that guilty knowledge is an essential element of the crime herein charged. This contention has no merit under the facts of this case. Where, as here, a specific intent is not an element of the crime, proof of the commission of the unlawful act is sufficient to support a verdict. *State v. Elliott,* 232 N.C. 377, 61 S.E. 2d 93 (1950); *State v. Ferguson,* 261 N.C. 558, 135 S.E. 2d 626 (1964); *State v. Jiles,* 1 N.C. App. 137, 160 S.E. 2d 125 (1968). It follows therefore that the State made out a *prima facie* case when it offered evidence tending to show that the defendant's responses were "real slow," that the pupils of his eyes were dilated and that he was the owner and operator of the vehicle in which the officer found two match boxes containing 56 grams of marijuana. We hold the evidence was sufficient to require the submission of the case to the jury and to support the verdict.

[5] The defendant contends "the Court committed error in the denial of the defendant's motion to set the verdict aside as being contrary to the law on the ground that failure of the jury to find the defendant guilty of the possession of marijuana precluded the jury from finding the defendant guilty of transportation of marijuana."

Consistency between verdicts on several counts of a bill of indictment is not necessary and a conviction on one count will be upheld even though it is rationally incompatible with an acquittal on other counts in the same bill. 18 A.L.R. 3d 259 (1968); *State v. Davis,* 214 N.C. 787, 1 S.E. 2d 104 (1938); *State v. Sigmon,* 190 N.C. 684, 130 S.E. 854 (1925). The two counts in the present case charge the defendant with separate and distinct offenses under the statute, and as was said in *State v. Sigmon, supra,* " . . . (W)hile the jury would have been fully justified in finding the defendant guilty on both counts under

State v. Lindquist

the evidence in this case, their failure to do so does not as a matter of law vitiate the verdict on the count of transporting."

This assignment of error is overruled.

[6]   Defendant's exceptions 18 and 20 relate to the Court's instructions to the jury. First, the defendant argues that since there was no evidence tending to show that the marijuana found in the automobile belonged to or was in the custody of either of the passengers other than the defendant, the Court expressed an opinion in violation of G.S. 1-180 when it instructed the jury that the driver of an automobile is guilty of transporting marijuana when he knowingly carries in his automobile marijuana belonging to and in the custody of passengers. The evidence tends to show that the marijuana was found under the front seat of the automobile owned and operated by the defendant and occupied by two passengers. Obviously the Court was following the mandate of the statute by declaring and explaining the law arising on the evidence.

[7]   Second, the defendant contends the Court erred in instructing the jury that exclusive control over an automobile is a circumstance to be considered in determining whether the defendant has knowledge and control of narcotics found therein. We do not agree. Evidence that the defendant was owner and operator of the vehicle in which marijuana was found under the front seat raises an inference that the defendant was transporting the marijuana and is a circumstance to be considered together with the other evidence in the case. *State v. Jiles, supra.* This assignment of error has no merit.

[8]   Finally, we consider defendant's contention that he is entitled to be resentenced under the more lenient penalties prescribed by the North Carolina Controlled Substances Act effective 1 January 1972.

In *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972), Justice Branch, writing for the North Carolina Supreme Court, said: "Thus, the pre-existing law as to prosecution and punishment as set forth in Articles 5 and 5A, Chapter 90 of the General Statutes as written prior to 1 January 1972, remain in full force and effect as to offenses committed prior to 1 January 1972." The defendant's contention in the present case has no merit since he was charged, tried, convicted and sentenced for a violation of G.S. 90-111.2 (a) which occurred on 10 June 1971.

In the defendant's trial in Superior Court we find no error.

No error.

Judges BRITT and PARKER concur.