STATE OF NORTH CAROLINA v. BOBBY STITT

No. 7326SC108

(Filed 23 May 1973)

1. **Constitutional Law § 34; Criminal Law § 26— three offenses arising from one transaction — no double jeopardy**

    Where defendant and two others approached a store and robbed the manager and two customers, defendant was not subjected to double jeopardy where he was charged in three indictments with three separate offenses—the armed robbery of each man, tried on all three charges in one trial and found guilty of common law robbery on all three indictments.

2. **Criminal Law § 140— conviction for three offenses — consecutive sentences imposed**

    Where cases are consolidated for trial and there is a conviction or plea of guilty on several counts, the trial court may enter a judgment on each count and have the judgments run concurrently or consecutively as it may direct; therefore, defendant cannot complain where the trial court entered judgment imposing three consecutive

active sentences of five years upon defendant's conviction of common law robbery on three indictments for armed robbery.

**3. Criminal Law § 88— cross-examination of defendant and codefendants**

Cross-examination of codefendants, even if improper did not prejudice defendant, nor could defendant complain of improper cross-examination of himself by the State where he objected to only one question, that objection was sustained, and the court instructed the jury to disregard the question.

**4. Criminal Law § 66; Robbery § 3— identity of defendant — competency of evidence**

Though the three witnesses to an alleged robbery gave testimony which was not positive as to defendant's identification, it was nevertheless competent and the trial court properly submitted the case to the jury.

**5. Criminal Law § 92— three defendants — conviction of one defendant only — no error**

In a prosecution charging defendant and two others with armed robbery where the jury would have been fully justified in finding all the defendants guilty upon the evidence presented, their failure to return a verdict as to the codefendants does not vitiate the verdict of guilty returned as to defendant, since criminal verdicts as between two or more defendants tried together need not demonstrate rational consistency.

APPEAL by defendant from *Hobgood, Judge,* 14 August 1972 Session of MECKLENBURG County Superior Court.

Defendant Bobby Stitt was tried along with two other defendants upon three indictments charging armed robbery. Through court-appointed counsel, defendant Stitt entered a plea of not guilty to all charges.

At trial the State introduced evidence which tended to show the following:

On 12 April 1972 at approximately 10:30 p.m., Edward Bowers, assistant manager of the Little General Store located at 3200 Monroe Road, Charlotte, N. C., was standing at the check-out counter engaging in conversation with two customers, Roland Harris and John Dietz. No one else was in the store at the time. Defendant Stitt and two others (codefendants in the trial below) entered the store and one of them announced: "Don't move. This is a holdup." One of the defendants stated that they had a gun and would use it if necessary. No gun was actually observed, but Dietz testified that one of the defendants stuck something in his back which he thought was a gun. The defendants then proceeded to remove approximately $100

from the cash register and also took several packs of cigarettes from under the counter. Bowers and the two customers were forced to surrender their own money and various items of jewelry. The defendants then ran from the store.

All three defendants presented alibi evidence in their defense. At the close of all the evidence, the court granted defendants' motion to dismiss as to the charges of armed robbery, and the cases were submitted to the jury on counts of common law robbery and simple assault. Defendant Stitt was found guilty of common law robbery upon all three indictments. The trial court declared a mistrial as to the other defendants upon the jury's failure to reach a verdict on the charges against them. From judgments imposing three consecutive active sentences of five years, defendant Stitt appealed.

*Attorney General Morgan, by Assistant Attorney General Icenhour, for the State.*

*Hamel and Cannon, P.A., by William F. Hamel, for defendant appellant.*

MORRIS, Judge.

The record on appeal was not docketed within the time provided by Rule 5, Rules of Practice in the Court of Appeals of North Carolina, and the appeal is subject to dismissal. We have, however, elected to treat the appeal as a petition for a writ of certiorari. We have allowed the petition and will consider the case on its merits.

No reason or argument is presented or authority cited in defendant's brief with respect to his assignments of error Nos. 1, 2, 3 and 13, and such assignments of error are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina.

Defendant, by his assignment of error No. 14, contends that the trial court erred in sentencing him to three five-year terms running consecutively. He argues that because the three charges arose out of the same facts and circumstances, he should be charged with one offense, not three, and that the action of the trial court placed him in double jeopardy by the imposition of multiple punishments for the same crime. We do not agree.

[1, 2]   Defendant was charged in three indictments with three separate offenses: (1) the armed robbery of Edward Bowers; (2) the armed robbery of Roland Harris; and (3) the armed robbery of John Dietz. He was tried on all three charges in one trial and was clearly not subjected to double jeopardy for the same offense. It is well settled in North Carolina that where cases are consolidated for trial and there is a conviction or plea of guilty on several counts, the trial court may enter a judgment on each count and have the judgments run concurrently or consecutively as it may direct. *State v. Austin,* 241 N.C. 548, 85 S.E. 2d 924 (1955).

[3]   Defendant next contends that the trial court erred in allowing improper cross-examination by the State of both the defendant and the codefendants as to matters relating to prior criminal misconduct. All the questions asked of the codefendants were within the proper scope of cross-examination. However, assuming arguendo that they were improper, we fail to see how any prejudice could be imputed to defendant Stitt, especially in view of the fact that the jury failed to return a verdict as to the codefendants. Furthermore, the only objection interposed during the entire cross-examination of defendant Stitt by his counsel was to the question of whether he was a deserter from the U. S. Army, and this objection was promptly sustained by the trial court with an instruction to the jury to disregard such question. This assignment of error is overruled.

[4]   Defendant also contends that the trial court erred in refusing to suppress the identification evidence given by the three prosecuting witnesses and in allowing the case to go to the jury, because that evidence was conflicting and confusing. Defendant made no timely objection and request for a voir dire and the fact that the testimony as to the identity of a defendant is not positive does not render that testimony incompetent, but only goes to its weight. 2 Strong, N. C. Index 2d, Criminal Law, § 66; 1 Stansbury's N. C. Evidence, Brandis Revision, § 129. Also contradictions and discrepancies even in the State's evidence are for the jury to resolve and taking the evidence in the light most favorable to the State and giving it the benefit of every reasonable inference, it was proper for the trial court to submit the case to the jury. *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22 (1968).

[5] Finally we examine defendant's contention that the trial court erred in failing to order a mistrial and in entering judgments as to defendant Stitt in light of the fact that the jury failed to reach a verdict as to the other defendants upon basically the same evidence at trial. Each of the prosecuting witnesses testified as to the presence of each of the three defendants in the store. Each was subjected to a rigorous cross-examination revealing varying degrees of positiveness on their part as to the identity of the defendants. However, even though the evidence was basically the same as to each defendant, most modern authorities agree that criminal verdicts as between two or more defendants tried together need not demonstrate rational consistency. Annot. 22 A.L.R. 3d 717, 723 (1968). It has similarly been held that consistency between verdicts on several counts of a bill of indictment is not necessary, and a conviction will be upheld even though it is not rationally compatible with an acquittal on other counts in the same bill. *State v. Davis,* 214 N.C. 787, 1 S.E. 2d 104 (1939) ; *State v. Lindquist,* 14 N.C. App. 361, 188 S.E. 2d 686 (1972). While the jury would have been fully justified in finding all the defendants guilty upon the evidence in this case, their failure to return a verdict as to the codefendants does not vitiate the verdict of guilty returned as to defendant Stitt.

No error.

Judges BRITT and PARKER concur.