STATE OF NORTH CAROLINA v. KENNETH T. AARON

No. 765SC122

(Filed 2 June 1976)

1. Searches and Seizures § 2— absence of voir dire on validity of search
   The trial court did not err in failing to conduct a *voir dire* to determine the validity of a search of defendant's automobile where the record clearly establishes that defendant freely, intelligently and without coercion consented to the search.

2. Criminal Law § 75 —illegal arrest — admissibility of confession
   A confession following an illegal arrest is not *ipso facto* involuntary and inadmissible.

State v. Aaron

3. **Criminal Law § 75— illegal arrest — admissibility of confession**

Defendant's confession was not inadmissible on the ground his arrest was illegal where the trial court found upon competent *voir dire* evidence that defendant's confession was made freely and voluntarily after he was advised of his constitutional rights and expressly waived his right to an attorney.

4. **Criminal Law § 83— information from defendant's wife — officer's testimony — no violation of husband-wife privilege**

An officer's testimony that stolen goods were recovered as a result of information volunteered by the wives of defendant and an accomplice was not inadmissible hearsay and did not violate the statute providing that a husband or wife is incompetent as a witness against the other in a criminal proceeding. G.S. 8-57.

5. **Criminal Law § 73— testimony not hearsay**

An officer's testimony that he received a call that a store had been broken into and that another officer told him that defendant's accomplice wanted to talk to another accomplice alone was not inadmissible as hearsay since it was not offered to prove the truth of the matter asserted.

ON *certiorari* to review defendant's trial before *Cowper, Judge.* Judgment entered 30 May 1975 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 May 1976.

Defendant was tried on indictments charging (1) breaking or entering a building occupied by the B. F. Goodrich Co., (2) larceny of personal property pursuant to the breaking or entering, (3) safecracking, and (4) larceny of a 1973 Chevy truck.

The State presented evidence at trial tending to establish that on 30 November 1974, defendant, together with Gonzales Jones and Sylvester Green [*State v. Green,* No. 755SC926, filed 7 April 1976], broke into a B. F. Goodrich store in Wilmington, broke open the safe and took money from it, loaded a quantity of merchandise on a truck, and drove away. The truck used by defendant to drive away the stolen merchandise developed mechanical troubles, so he and his companions returned to the store and got another truck. Sylvester Green drove the truck while Jones and defendant followed in defendant's Dodge automobile. Police stopped the car and arrested Jones and defendant. On the following day Jones confessed, implicating Green and the defendant, Aaron.

Defendant testified that he was in no way involved in this matter, and stated that he did not tell the investigating officers that he was involved in the criminal activities.

The jury returned guilty verdicts to each of the offenses charged. From a judgment imposing active sentences the defendant appeals to this Court.

*Attorney General Edmisten, by Associate Attorney Patricia H. Wagner, for the State.*

*Harold P. Laing for defendant appellant.*

ARNOLD, Judge.

[1]   There is no basis for defendant's contention that the trial court committed prejudicial error in not conducting a voir dire examination to determine the validity of the search of his automobile. The record clearly establishes that defendant freely and intelligently and without coercion consented to the search. See *State v. Dooley,* 20 N.C. App. 85, 200 S.E. 2d 818 (1973). A search warrant is not necessary to validate a search of an automobile where the owner and operator consents to the search. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971) ; *State v. Lindquist,* 14 N.C. App. 361, 188 S.E. 2d 686 (1972).

[2, 3]   Defendant next contends that his confession was improperly admitted into evidence because his arrest was illegal. We disagree. "The rule in North Carolina is that a confession following an illegal arrest is not *ipso facto* involuntary and inadmissible, but the circumstances surrounding such an arrest and the in-custody statement should be considered in determining whether the statement is voluntary and admissible." *State v. McCloud,* 276 N.C. 518, 526, 173 S.E. 2d 753 (1970). In the instant case the trial judge properly conducted a voir dire examination outside the presence of the jury to determine whether defendant's confession was voluntary and admissible. Upon the evidence presented during the voir dire hearing, the trial judge concluded that the defendant's statement was made freely and voluntarily after he was advised of his constitutional rights, and after he expressly waived his right to an attorney. The evidence presented during the voir dire, and the trial judge's findings of fact, fully support his conclusion that defendant's statement was admissible.

[4]   Officer Henderson testified that the stolen goods were recovered as a result of information volunteered by the wives of defendant and Jones. Defendant contends this testimony violated G.S. 8-57 and was inadmissible as hearsay.

State v. Aaron

G.S. 8-57 provides that a husband or wife is incompetent as a witness against the other in a criminal proceeding. However, G.S. 8-57 was not intended, and it does not, prohibit a husband or wife from making voluntary statements to police officers during the investigatory stage of a criminal proceeding. Moreover, the officer's testimony was not hearsay since it was not admitted to prove the truth of the matter asserted. *See State v. Brooks,* 15 N.C. App. 367, 190 S.E. 2d 338 (1972).

[5] Defendant also contends that the admission of various other statements was hearsay and inadmissible. Examples of defendant's contentions are statements by Officer Todd that he received a call that the B. F. Goodrich store had been broken into, and that Officer Henderson told him [Todd] that Sylvester Green wanted to talk to Jones alone. This testimony was not hearsay inasmuch as it was not admitted to prove the truth of the matter asserted. "[W]henever the assertion of any person, other than that of the witness himself in his present testimony, is offered to prove the truth of the matter asserted, the evidence so offered is hearsay. If offered for any other purpose, it is not hearsay." Stansbury's N. C. Evidence, Brandis Revision, § 138, Hearsay Defined, and the Hearsay Rule Stated, pp. 459-460.

We have reviewed defendant's remaining assignments of error and hold that he received a fair trial without prejudicial error.

No error.

Judges PARKER and HEDRICK concur.