52 F.3d 321
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 John Thomas KUIKEN, Petitioner-Appellant,
v.
Randy LEE; Attorney General of North Carolina,
Respondents-Appellees.
John Thomas Kuiken, Petitioner-Appellee,
v.
Randy Lee; Attorney General of North Carolina,
Respondents-Appellants.
 Nos. 94-6023, 94-6030.
 United States Court of Appeals, Fourth Circuit.
 Submitted: January 10, 1995
Decided: April 17, 1995
 
 John Thomas KUiken, Appellant Pro Se.
 Clarence Joe DelForge, III, OFFICE OF THE ATTORNEY GENERAL OF NORTH CAROLINA, Raeligh, NC, for Appellees.
 Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Petitioner John Thomas Kuiken appeals and Respondents cross appeal from the district court's order denying relief on most of the claims in Kuiken's 28 U.S.C. Sec. 2254 (1988) petition, but granting relief on Kuiken's claim of ineffective assistance of counsel at sentencing. We find that Kuiken is not entitled to relief on any of his claims. Consequently, we affirm in part and reverse in part.
 
 
 2
 Kuiken was convicted by a North Carolina state jury on three counts of conspiracy to traffic in cocaine by sale and delivery (N.C.Gen.Stat. Sec. 90-95(h)(3), (i) (1993)), one count of trafficking in cocaine by sale and delivery of 400 grams or more (N.C. Gen.Stat. Sec. 90-95(h)), one count of trafficking in cocaine by transporting 400 grams or more (N.C. Gen.Stat. Sec. 90-95(h)), and one count of trafficking in cocaine by possessing 400 grams or more (N.C. Gen.Stat. Sec. 90-95(h)). The Duplin County Superior Court sentenced Kuiken to thirty-five years in prison on the three conspiracy counts, and consecutive thirty-five year prison terms on each of the other three counts, for a total of 140 years in prison. On direct appeal, the North Carolina Court of Appeals vacated two of the three conspiracy convictions, and the North Carolina Supreme Court denied certiorari. State v. Blackmon, No. 864SC1215 (N.C. Ct.App. Aug. 4, 1987) (unpublished), cert. denied, 362 S.E.2d 783 (N.C.1987). Kuiken's sentence of 140 years was not affected by the appellate decision.
 
 
 3
 In August 1990, Kuiken filed a petition for appropriate relief which the Duplin County Superior Court denied. Kuiken's petitions for certiorari in the North Carolina Court of Appeals and the North Carolina Supreme Court were denied.
 
 
 4
 Next, in June 1991, Kuiken filed this 28 U.S.C. Sec. 2254 (1988) habeas corpus petition. Kuiken asserted the following claims: (1) ineffective assistance of counsel; (2) fundamental unfairness because the trial court refused to allow defense counsel to discuss Kuiken's indigency during closing arguments; (3) violation of double jeopardy because Kuiken was exposed to multiple indictments; and (4) failure of the trial court to instruct the jury on lesser-included offenses which were clearly supported by the evidence.
 
 
 5
 In April 1993, the magistrate judge issued a report and recommendation advising the district court to deny relief on all of Kuiken's claims. The district court concluded that Kuiken had been deprived of effective assistance of counsel during sentencing, but that he was not entitled to habeas corpus relief on any other grounds. Therefore, the court granted Kuiken's writ as to the claim of ineffective assistance at sentencing, but denied the writ as to the remaining grounds. Kuiken filed a pro se motion for reconsideration, which the district court denied. By the same order, the court granted Respondents' motion to enlarge time for sentencing, giving Respondents ninety days to present Kuiken to the trial court for resentencing.
 
 
 6
 Kuiken filed a timely notice of appeal from the district court's final judgment and the order denying his motion for reconsideration. The district court granted a certificate of probable cause. Respondents filed a cross-appeal.
 
 I.
 
 7
 Kuiken asserts that he was denied effective assistance of counsel because his attorney (1) failed to object to the prosecutor's use of incriminating statements deliberately elicited in jail from an informant, (2) failed to object to the introduction of fingerprint evidence the defense first learned about when the trial began, (3) did not seek severance from Kuiken's co-defendants' trial, despite Kuiken's insistence, (4) did not move to suppress evidence of Kuiken's prior convictions so that he could testify, and (5) did not pursue mitigating evidence despite available character witness reports. The district court partially adopted the magistrate judge's recommendation, finding that Kuiken failed to establish ineffective assistance on his first four claims. However, the district court departed from the magistrate judge's recommendation by finding that Kuiken was denied effective assistance of counsel at sentencing. This last finding is the subject of Respondents' cross-appeal.[1]
 
 
 8
 To prevail on his claims of ineffective assistance of counsel, Kuiken must show that: (1) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984); and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This Court is reluctant to second-guess defense counsel's tactical decisions. McDougall v. Dixon, 921 F.2d 518, 537-39 (4th Cir.1990), cert. denied, 501 U.S. 1223 (1991).
 
 
 9
 Kuiken claims that counsel was ineffective for failing to object to the testimony of an informant who testified about incriminating statements Kuiken made to him when they were jailed together. However, the trial transcript reveals that Kuiken's attorney did in fact object to the testimony. Counsel's failure to object to the fingerprint evidence was not objectively unreasonable. Counsel testified at the federal evidentiary hearing that he saw no basis for objecting to the evidence. As the district court noted, however, even if counsel had objected and thereby gained time to prepare a rebuttal, Kuiken presented no evidence that his attorney's cross-examination of the fingerprint evidence was deficient. Third, counsel's failure to seek severance did not amount to ineffective assistance because counsel reasoned that, based on his experience, any such motion would be futile. Finally, Kuiken was not prejudiced by counsel's failure to seek suppression of his prior convictions. Kuiken wanted these convictions suppressed so that he could testify. However, because he already had admitted his guilt to his attorney, counsel's advice for him to forego testifying was not objectively unreasonable.
 
 
 10
 Kuiken claimed that his attorney's performance at the sentencing hearing was deficient because he failed to present any character witnesses or other favorable evidence. An attorney "has a duty to make reasonable investigations or make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The minimum standard for effective assistance of counsel includes " 'appropriate investigations, both factual and legal, to determine if matters of defense can be developed.' " Sneed v. Smith, 670 F.2d 1348, 1353 (4th Cir.1982) (quoting Coles v. Peyton, 389 F.2d 224, 226 (4th Cir.1968)). However, a petitioner's allegation that an attorney conducted an inadequate investigation does not warrant relief absent a proffer of what favorable testimony a witness would have given. Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir.1990), cert. denied, 499 U.S. 982 (1991).
 
 
 11
 At his federal evidentiary hearing, Kuiken presented a witness, Frank Davis, who knew Kuiken and who was available at the time of Kuiken's sentencing and would have testified about how he helped his ailing parents. Although counsel did not call Davis as a character witness to attest to Kuiken's commitment to his parents, counsel effectively made the point himself.
 
 
 12
 In addition to finding that counsel should have called Davis as a witness, the district court found that Kuiken had shown sufficient prejudice to establish ineffective assistance of counsel under Strickland's second prong in that counsel made damaging statements by characterizing Kuiken as a loner and erroneously stating that he had two daughters. The court held that absent such statements, the trial court might have allowed some of Kuiken's sentences to run concurrently.
 
 
 13
 We find, however, that counsel's statements are relevant only to Strickland's first prong. Moreover, his erroneous statement that Kuiken had daughters would not have prejudiced Kuiken and probably worked in his favor as a mitigating factor. Because we find that Kuiken was not prejudiced by counsel's statements or counsel's failure to call Davis as a witness, we reverse that portion of the district court's order granting habeas corpus relief on Kuiken's claim that he was denied effective assistance of counsel at sentencing.
 
 II.
 
 14
 Kuiken argues that his trial was fundamentally unfair because the trial court refused to allow defense counsel to include in closing arguments evidence of Kuiken's indigency. Kuiken hoped to use such evidence to counter the prosecutor's assertion that Kuiken was the drug kingpin.[2] Under North Carolina law, a criminal defendant can include in closing argument the law, the facts in evidence, and all reasonable inferences that may be drawn from those facts. State v. Morston, 445 S.E.2d 1, 14 (N.C.1994). Here, however, Kuiken presented no evidence of his indigency during the trial. Consequently, the district court properly found that the trial court's refusal to allow Kuiken's counsel to introduce such evidence in closing arguments was not fundamentally unfair.
 
 III.
 
 15
 Kuiken contends that his separate convictions for conspiracy, and for trafficking in cocaine by sale and delivery, transporting, and possessing cocaine, violate the prohibition against double jeopardy. Each of his convictions was based upon the same 658.88 grams of cocaine. At the time of Kuiken's crimes and convictions, N.C. Gen.Stat. Sec. 90-95(h)(3) provided in part: "Any person who sells, manufactures, delivers, transports, or possesses 28 grams or more of cocaine ... shall be guilty of a felony, which felony shall be known as 'trafficking in cocaine.' " N.C. Gen.Stat. Sec. 90-95(i) makes it a felony to conspire to commit the offenses described in Sec. 90-95(h).
 
 
 16
 It is well established under North Carolina case law "that convictions for the separate offenses of transporting and possessing a controlled substance are consistent with the intent of the legislature and do not violate the constitutional prohibition against double jeopardy." State v. Jones, 386 S.E.2d 217, 224 (N.C. Ct.App.1989), review denied, 389 S.E.2d 809 (N.C.1990); State v. Bogle, 368 S.E.2d 424, 430 (N.C. Ct.App.1988), rev'd on other grounds, 376 S.E.2d 745 (N.C.1989). Therefore, Kuiken's separate convictions for sale and delivery, transportation, and possession of cocaine do not offend double jeopardy. Furthermore, his conspiracy conviction requires separate elements of proof from his other convictions and does not violate the prohibition against double jeopardy.[3]
 
 IV.
 
 17
 In his initial pro se Sec. 2254 petition, Kuiken asserted a claim that he was denied a fair trial because the judge refused to instruct the jury about lesser included offenses that were clearly supported by the evidence. A defendant is entitled to a charge on a lesser included offense where "the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." Keeble v. United States, 412 U.S. 205, 208 (1973). Kuiken failed to specify what lesser offense the evidence would have supported. Consequently, we find that the district court properly denied these claims.
 
 V.
 
 18
 During the evidentiary hearing, Kuiken asserted a claim that he had not raised in his initial petition and had not sought to introduce through a motion to amend. Specifically, Kuiken argued that the prosecutor failed to reveal an agreement between the State and Hinson concerning an alleged reduction of sentence in exchange for Hinson's testimony against Kuiken. Because this claim was not raised in the original habeas petition, we find that the district court properly refused to consider it.
 
 VI.
 
 19
 For these reasons, we reverse the portion of the district court's order granting habeas corpus relief to Kuiken on his claim of ineffective assistance of counsel at sentencing and affirm the portion of the district court's order denying relief on the remainder of Kuiken's claims. We deny Kuiken's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED IN PART AND REVERSED IN PART
 
 
 [1]
 Respondents argue that several of Kuiken's ineffective assistance of counsel claims are unexhausted. Because Respondents stated in their initial motion for summary judgment/answer that Kuiken had exhausted state remedies or that exhaustion was waived, we find that the district court properly held that exhaustion was waived
 
 
 [2]
 Evidence presented at the trial supported the prosecutor's contention
 
 
 [3]
 To the extent that Kuiken is challenging his original three conspiracy convictions on the grounds of double jeopardy, the North Carolina Court of Appeals vacated two of the convictions, thereby rendering this argument moot