STATE OF NORTH CAROLINA v. LARRY STACY

No. 7326SC533

(Filed 25 July 1973)

1. Criminal Law § 51— failure to make specific finding that witness expert — opinion testimony admissible

   In a prosecution for felonious distribution of heroin where defendant did not request a finding as to the witness's expertise but there was evidence that the witness was an expert in his field, the trial court did not err in permitting the witness to give his opinion that bags delivered by defendant to a police officer contained heroin.

2. Narcotics §§ 1, 4.5— distribution of heroin — defendant's knowledge that substance was heroin in issue — failure to instruct erroneous

   In a prosecution for distribution of heroin where defendant's evidence tended to show that he agreed with a third person to hand a package to a police officer "to beat him out of $60" and that

defendant did not know what was in the package, the trial court should have instructed the jury that defendant was guilty only in the event he knew the package contained heroin and that if he was ignorant of that fact, and the jury should so find, they should return a verdict of not guilty.

APPEAL by defendant from *Lanier, Judge,* 26 February 1973 Session of Superior Court held in MECKLENBURG County.

Defendant was indicted for feloniously distributing the controlled substance, heroin, by handing the same to one D. P. Stockett for the sum of $60.00. Stockett, an undercover officer employed by the Charlotte Police Department, whose "duties were to seek out those persons dealing in drug traffic," testified that on the night of 27 April 1972 he was in his automobile with three other persons, whom he had not told he was a police officer. One of these persons was Mickey Armean. One of the persons in the car knew the defendant and introduced him to Stockett. Defendant told Stockett that "it was $60.00 for a half load of heroin, which is 15 bags." At defendant's direction Stockett drove his car to Billingsly Road, where he parked. Defendant left the car and was gone in the dark for about ten minutes. On returning to the car defendant handed Stockett a small brown envelope which had 15 bags in it. Stockett opened one of these and saw a white substance in it. He gave defendant $60.00, and defendant left the car and went in the same direction from which he had come, returning to the car two or three minutes later. Stockett then drove defendant to some apartments in Griertown, where defendant got out.

William S. Best, a chemist employed by the Crime Laboratory of the Charlotte Police Department, testified that he ran an analysis of the contents of the bags and based on the tests which he ran he was of the opinion that the bags contained heroin.

In defense, defendant testified that Mickey Armean had come to him and asked him to do a favor, which was "to beat this man out of $60.00"; that Armean had a package and all defendant had to do was to drive off somewhere and act like he was going to somebody's house and then come back and give the package to the man, who would give him $60.00; that he got into the car with Stockett, Armean, and the other persons; that at that time he already had the package which Armean gave him; that they drove to Billingsly Road, where he got out and went

out into the darkness for eight or ten minutes, after which he returned to the car; that the package was there passed to Stockett, who handed him the money; that he gave the package to Stockett "to beat him out of $60.00," and that he did not know what was in the bags; that he gave the $60.00 to Armean, who got all of the money.

The jury found defendant guilty as charged, and from judgment imposing a prison sentence, defendant appealed.

*Attorney General Robert Morgan by Assistant Attorney General Eugene Hafer for the State.*

*Mraz, Aycock, Casstevens & Davis by Frank B. Aycock III for defendant appellant.*

PARKER, Judge.

[1] Appellant assigns error to the action of the trial court in permitting the State's witness, Best, to testify over defendant's objection that in his opinion the contents of the bags was heroin. Prior to this the witness had testified without objection to his extensive academic and practical training in chemistry, including testimony that he had "run thousands of analyses on heroin." This testimony furnished ample support for admission of the witness's opinion as an expert. "In the absence of a request by the appellant for a finding by the trial court as to the qualification of a witness as an expert, it is not essential that the record show an express finding on this matter, the finding, one way or the other, being deemed implicit in the ruling admitting or rejecting the opinion testimony of the witness." *State v. Perry,* 275 N.C. 565, 169 S.E. 2d 839. Here, appellant made no request for a finding by the trial court as to the qualification of the witness as an expert, and under the circumstances disclosed in this record there was no error in permitting the witness to state his opinion.

[2] In apt time the defendant filed with the trial judge written request that the jury be instructed as follows:

"If you find that the defendant distributed heroin to Donald P. Stockett, but if you further find that he did not know or had no reasonable ground to believe the substance was a controlled substance, then it would be your duty to find for the defendant."

The trial judge denied this request, and instead charged the jury that if they should find from the evidence beyond a reasonable doubt that defendant had passed a packet containing heroin to Donald Stockett, it would be their duty to return a verdict of guilty as charged.

Under the evidence in this case the court should have instructed the jury that the defendant is guilty only in the event he knew the package contained heroin and that if he was ignorant of that fact, and the jury should so find, they should return a verdict of not guilty. *State v. Elliott*, 232 N.C. 377, 61 S.E. 2d 93. For failure to so charge, defendant is entitled to a

New trial.

Judges BROCK and MORRIS concur.