STATE OF NORTH CAROLINA v. MARCELLE ANTONIO BOGLE

No. 876SC1068

(Filed 31 May 1988)

1. **Criminal Law § 111.1; Narcotics § 4.5— willful blindness instruction not proper on element of knowledge—defendant not prejudiced by instruction**

   Although the doctrine of "willful blindness" is consistent with the law of this State, the Court of Appeals nevertheless declines to adopt it as the basis for a proper jury instruction on the element of knowledge in a criminal case, since the doctrine is merely a slight extension of the principle of implied knowledge which is not needed to combat drug traffickers effectively, and the doctrine is difficult to apply and susceptible to abuse. Defendant was not prejudiced by such an instruction in this case, since it was not an erroneous statement of the law, and defendant did not object to the instruction on the ground that it was confusing, nor did he request a correction or addition.

2. **Narcotics § 4.5— trafficking in marijuana—defendant's good character not substantive evidence—instruction properly refused**

   In a prosecution of defendant for trafficking in marijuana, the trial court did not err in refusing to instruct the jury that it could consider evidence of defendant's good character as substantive evidence, since N.C. Rules of Evidence, Rule 404(a)(1) allows an accused only to offer character evidence relating to a pertinent trait of his character; the crimes charged in this case did not involve dishonesty or deception on the part of defendant; and defendant's truthfulness thus was not a pertinent character trait for substantive purposes.

3. **Narcotics § 1.3— trafficking in marijuana by possession and by transportation —one transaction—two offenses**

   Defendant could properly be convicted and sentenced for both trafficking in marijuana by possession and trafficking in marijuana by transportation based upon the same transaction.

   Judge WELLS dissenting.

APPEAL by defendant from *Phillips (Herbert O., III), Judge.* Judgments entered 2 July 1987 in Superior Court, NORTHAMPTON County. Heard in the Court of Appeals 30 March 1988.

Defendant was tried and convicted of trafficking in marijuana by transportation and trafficking in marijuana by possession under G.S. 90-95(h). From judgments imposing concurrent sentences of a seven-year prison term and a fine of $25,000 for each offense, defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Howard E. Hill, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Mark D. Montgomery, for defendant-appellant.*

PARKER, Judge.

Defendant brings forward three assignments of error. Defendant first assigns error to the trial court's instructions to the jury concerning the element of knowledge in each offense. Defendant next assigns error to the trial court's failure to give a requested instruction that evidence of defendant's good character could be considered as substantive evidence. Defendant's final assignment of error is directed to the trial court's entry of judgment against defendant for both trafficking by possession and trafficking by transportation.

On 7 April 1987, defendant was driving a Toyota truck from Florida to New York. Defendant was stopped for speeding by a North Carolina State Trooper on Interstate Route ninety-five in Northampton County. After the trooper issued a citation for speeding, he asked defendant if he could search the truck. Defendant consented to the search and signed a "Consent to Search" form. The back of the truck contained some furniture and five boxes sealed with duct tape. The trooper opened one of the boxes, found that it contained marijuana, and placed defendant under arrest. A subsequent analysis of the contents of the boxes revealed that they contained approximately 176 pounds of marijuana.

[1] To convict defendant of the charged offenses, the State was required to prove that defendant knowingly possessed and transported the marijuana found in the truck. *See State v. Weldon,* 314 N.C. 401, 403, 333 S.E. 2d 701, 702 (1985). The evidence in this case showed that defendant was not the owner of the truck. Defendant testified that he was promised $1,000 for driving the truck to New York, and he claimed that he was unaware that there was marijuana in the truck. The trial court charged the jury as follows with respect to the element of knowledge:

> [T]he term "knowingly possessed" in this case and under this criminal statute, is not limited to positive knowledge. But

when the defendant is aware that the fact in question is high-
ly probable, includes the state of mind of one who does not
possess positive knowledge merely and only because he con-
sciously avoids so—let me correct myself—so the required
knowledge is established if the defendant is aware of a high
probability of the existence of the fact in question unless he
actually believes it not to exist and consciously avoids
enlightenment.

. . . .

[T]he term "knowingly transported" in this criminal statute is
not limited to positive knowledge. But includes—but when
the defendant is aware that the fact in question is highly
probable, it includes the state of mind of one who does not
possess positive knowledge only because he consciously
avoids it. So, the required knowledge is established if the de-
fendant is aware of a high probability of the existence of the
fact in question, unless he actually believes it not to exist and
consciously avoids enlightenment.

Defendant contends that the quoted instructions are erroneous
because they are not an accurate statement of the law of this
State.

The trial court's instructions are based upon the opinion of
the United States Court of Appeals for the Ninth Circuit in *Unit-
ed States v. Jewell*, 532 F. 2d 697 (9th Cir.) (en banc), *cert. denied*,
426 U.S. 951, 96 S.Ct. 3173, 49 L.Ed. 2d 1188 (1976). Like the
defendant in the present case, the defendant in *Jewell* claimed
that he had no knowledge of marijuana that was discovered in the
vehicle he was driving. The *Jewell* Court held that the trial court
in that case did not commit reversible error by instructing the
jury that it could convict the defendant if it found that he was not
actually aware that there was marijuana in the vehicle but that
"his ignorance in that regard was solely and entirely a result of
his having made a conscious purpose to disregard the nature of
that which was in the vehicle, with a conscious purpose to avoid
learning the truth." *Jewell*, 532 F. 2d at 700. The Court also held,
however, that a proper instruction on deliberate ignorance should
require the jury to find (i) that the defendant was aware of a high
probability of the presence of the marijuana, and (ii) that the de-
fendant did not actually believe that there was no marijuana in

---

---

the vehicle. *Id.* at 704 n.21. *Jewell* has been followed by other federal circuit courts. *See, e.g., United States v. Krowen*, 809 F. 2d 144 (1st Cir. 1987).

Defendant here contends that, under North Carolina law, he cannot be convicted unless a jury finds that he actually knew that there was marijuana in the truck. *See State v. Boone*, 310 N.C. 284, 291-95, 311 S.E. 2d 552, 557-59 (1984). In *Boone*, our Supreme Court held that the trial court erred in instructing the jury that the defendant could be found guilty of possessing marijuana if he knew or had reason to know that it was in his car. *Id.* The Court held:

> [T]he court should have instructed the jury that the defendant is guilty only in the event he knew the marijuana was in the trunk of his automobile and that if he was ignorant of that fact, and the jury should so find, they should return a verdict of not guilty.

*Id.* at 294, 311 S.E. 2d at 559 (citation omitted); *see also State v. Stacy*, 19 N.C. App. 35, 197 S.E. 2d 881 (1973). Defendant argues that the doctrine of "willful blindness" as adopted by the Ninth Circuit in *Jewell* is inconsistent with the Supreme Court's decision in *Boone*. We disagree.

In *Boone*, the challenged instruction would have permitted the jury to convict if it found that the defendant had "reason to know" that marijuana was in his car. The Supreme Court was not ruling on a willful blindness instruction. The phrase "reason to know" commonly denotes a basis for liability in certain negligence actions. *See, e.g., Davis v. Siloo Inc.*, 47 N.C. App. 237, 247, 267 S.E. 2d 354, 360, *disc. rev. denied*, 301 N.C. 234, 283 S.E. 2d 131 (1980). In contrast, the doctrine of willful blindness is based on the premise that a conscious effort to avoid knowledge is equivalent to positive knowledge for the purpose of imposing criminal liability. *United States v. Jewell*, 532 F. 2d at 700-01. A willful blindness instruction cannot be given if the defendant merely should have known of the fact in question. Such an instruction is only proper when the evidence indicates that the defendant purposefully avoided knowledge in order to have a defense to criminal charges. *United States v. Alvarado*, 817 F. 2d 580, 584 (9th Cir. 1987).

Although the courts of this State have not yet had the opportunity to adopt the doctrine of willful blindness, the doctrine is consistent with North Carolina law. The question of what amounts to actual knowledge has most often arisen in cases concerning the offense of receiving stolen goods. Under prior law, actual knowledge that the goods were stolen was an essential element of that offense. *See, e.g., State v. Oxendine*, 223 N.C. 659, 27 S.E. 2d 814 (1943). The test was whether the defendant "knew, or must have known" that the goods were stolen. *Id.* Our Supreme Court has looked to the receiving stolen property cases in order to define the element of knowledge in another offense. *State v. Fearing*, 304 N.C. 471, 478-79, 284 S.E. 2d 487, 491-92 (1981) (failure to stop at the scene of an accident resulting in injury or death). The Court defined the element of knowledge as follows:

> [T]he knowledge required may be actual or may be implied. Implied knowledge can be inferred when the circumstances of an accident are such as would lead a driver to believe that he had been in an accident which killed or caused physical injury to a person.

*Id.* at 477, 284 S.E. 2d at 491; *see also State v. Stathos*, 208 N.C. 456, 181 S.E. 273 (1935) (receiving stolen goods), *quoted in State v. Fearing, supra.*

We cannot see any real distinction between implied knowledge as defined in *Fearing* and willful blindness as defined in *Jewell.* Knowledge may be implied when there is no direct evidence that a defendant actually had knowledge of a certain fact but the circumstances are such as would lead the defendant to believe that the fact existed. Similarly, the doctrine of willful blindness applies when the defendant is aware of a high probability that a certain fact exists. An "awareness of a high probability" is equivalent to being "led to believe." The doctrine of willful blindness merely goes a step further by explicitly stating that, once a defendant has information that would lead him to believe a fact exists, he cannot avoid liability by deliberately ignoring its existence. This extra step is consistent with the principle of implied knowledge.

We also find no direct conflict between the doctrine of willful blindness and the decision of our Supreme Court in *State v. Boone, supra.* In *Boone*, the Court held that a defendant could not

be convicted if he was ignorant of the presence of marijuana in his car even though he may have had "reason to know" of its existence. Similarly, the doctrine of willful blindness does not permit a finding of knowledge if the defendant actually believes that the fact in question does not exist. This aspect of the doctrine prevents the jury from basing a conviction on a negligence standard. The defendant's subjective state of mind, as opposed to the objective standard of the reasonably prudent person, controls and true ignorance on the part of the defendant, no matter how unreasonable, cannot support a conviction. *United States v. Jewell*, 532 F. 2d at 706-07 (Kennedy, J., dissenting).

Although we are of the opinion that the doctrine of willful blindness is consistent with the law of this State, we decline to adopt the doctrine as the basis for a proper jury instruction on the element of knowledge in a criminal case. The reason for this decision is twofold.

First, as we have reasoned above, the doctrine is merely a slight extension of the principle of implied knowledge, and we are not convinced by the State's argument that such an extension is needed to combat drug traffickers effectively. Our Supreme Court has recognized that knowledge often must be inferred from circumstantial evidence and has held that juries are free to make such inferences. *State v. Boone*, 310 N.C. at 294-95, 311 S.E. 2d at 559. We are confident that, in any case where a willful blindness instruction would be appropriate, the jurors will reach the same verdict if they are simply instructed that they may infer knowledge from the circumstances of the case.

Second, and more important, the doctrine is difficult to apply and susceptible to abuse. The federal courts have limited its application to cases where the evidence shows that the defendant deliberately avoided learning the truth in order to establish a defense. *United States v. Alvarado, supra.* In *Alvarado*, the Court held that the instruction was erroneously given because the evidence tended to show actual knowledge rather than a conscious avoidance of knowledge, but the Court found that the error was harmless. *Alvarado*, 817 F. 2d at 586. *Alvarado* illustrates the difficulty in determining what type of evidence will support the instruction. Furthermore, former Judge, now Justice Kennedy has pointed out that there is a danger that the jury will base its con-

viction on a negligence standard if the instruction is not properly phrased, *United States v. Jewell*, 532 F. 2d at 707 (Kennedy, J., dissenting), or if the instruction is not appropriate under the facts of the case. *United States v. Murrieta-Bejarano*, 552 F. 2d 1323, 1326 (9th Cir. 1977) (Kennedy, J., concurring in part and dissenting in part).

We are of the opinion that the potential problems posed by the use of a willful blindness instruction outweigh any advantages its use may entail. Accordingly, we hold that it is not proper to give such an instruction when defining the element of knowledge in a criminal offense. Nevertheless, we find no prejudicial error in the giving of the instruction in the present case.

Although we are rejecting the use of a willful blindness instruction, our decision is based on practical considerations. As we have stated above, the doctrine is consistent with the laws of this State. Thus, the trial court's instruction in this case was not an erroneous statement of law so as to require reversal of defendant's conviction. *Contra, State v. Earnhardt*, 307 N.C. 62, 70, 296 S.E. 2d 649, 654 (1982). Regardless of the particular words employed by the trial judge, an instruction is adequate if it accurately presents the applicable principles of law. *State v. Wilkins*, 34 N.C. App. 392, 399, 238 S.E. 2d 659, 664, *disc. rev. denied*, 294 N.C. 187, 241 S.E. 2d 516 (1977).

Moreover, the evidence in this case supports the instruction under the standards enunciated by the Ninth Circuit. Defendant testified that someone he knew only as "Tony" asked him to drive the truck from Florida to New York. Tony gave defendant $100 for the trip, and promised him $1,000 when he reached New York. Defendant also testified that Tony instructed him that, if he was stopped by the police, he should tell them that the truck belonged to defendant's uncle and that he was going to visit his mother. Under these circumstances, the jury could find that, if defendant had no knowledge that there were drugs in the truck, it was only because he consciously avoided that knowledge. This evidence would also permit the jury to infer from the circumstances that defendant knew the drugs were in the truck.

Defendant also argues that, even if a willful blindness instruction was appropriate in this case, the trial court's instruction was improper. We agree that the instruction is somewhat confus-

ing because the trial court misplaced the phrase "and consciously avoids enlightenment." Defendant did not, however, object to the instruction on these grounds. The record shows that defendant objected to the instruction before it was given on the grounds that it was not an accurate statement of the law in this State and that it was not appropriate in this case. After charging the jury, the trial court asked if there were any specific requests for corrections or additions to the charge, and defendant only renewed his earlier objections. Because defendant failed to object specifically to the wording of the instruction, he cannot raise this issue on appeal. Rule 10(b)(2), N.C. Rules App. Proc.; *State v. Hamilton*, 77 N.C. App. 506, 515, 335 S.E. 2d 506, 512 (1985), *disc. rev. denied*, 315 N.C. 593, 341 S.E. 2d 33 (1986). The instructions do not constitute plain error so as to permit review in the absence of a properly made objection. *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983).

[2]   Defendant next assigns error to the trial court's refusal to instruct the jury that it could consider evidence of defendant's good character as substantive evidence. Defendant presented evidence showing that he had no prior criminal record, and defendant's uncle testified that he had a good reputation for honesty and a good reputation for being a law-abiding citizen. The trial court instructed the jury that evidence of defendant's character for truthfulness could only be considered in assessing defendant's credibility as a witness.

Prior to the enactment of the North Carolina Rules of Evidence, a defendant who testified in his own behalf and introduced evidence of his good character was entitled to have the jury consider such evidence both as it affected his credibility and as substantive evidence on the question of guilt or innocence. *State v. Wortham*, 240 N.C. 132, 134, 81 S.E. 2d 254, 255 (1954). The Rules of Evidence changed this practice in that, under Rule 404(a)(1), the accused can only offer character evidence relating to a "pertinent" trait of his character. *State v. Squire*, 321 N.C. 541, 546-47, 364 S.E. 2d 354, 357 (1988).

The crimes charged in this case do not involve dishonesty or deception on the part of defendant. Thus, defendant's truthfulness is not a pertinent character trait for substantive purposes. *See*

*United States v. Jackson*, 588 F. 2d 1046, 1055 (5th Cir.), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2882, 61 L.Ed. 2d 310 (1979).

The general trait of being a law-abiding citizen is pertinent to almost any criminal offense. *State v. Squire*, 321 N.C. at 548, 364 S.E. 2d at 358. Unless character is an essential element of a charge, claim, or defense, however, the Rules of Evidence limit the methods of proving character to testimony as to reputation and testimony in the form of an opinion. Rule 405, N.C. Rules Evid. Therefore, evidence of defendant's lack of a prior criminal record was not competent character evidence and did not warrant a jury instruction on substantive character evidence. *See Government of Virgin Islands v. Grant*, 775 F. 2d 508, 512 (3d Cir. 1985).

Defendant's uncle testified that defendant had a good reputation for being a law-abiding citizen. That testimony, however, was limited to the following exchange:

Q. Do you know his reputation for being a law-abiding citizen?

A. I would say excellent. Because there was nothing before this incident.

Although the question above was phrased in terms of reputation, the witness's answer was clearly based on defendant's lack of prior arrests or convictions, which is not competent character evidence. Since this answer is the only evidence in the record that is even arguably competent as substantive character evidence, we find no error in the trial court's refusal to give the requested instruction.

[3] Defendant's final assignment of error is that he could not properly be convicted and sentenced for both trafficking in marijuana by possession and trafficking in marijuana by transportation based upon the same transaction. It is now well-established that convictions for the separate offenses of transporting and possessing a controlled substance are consistent with the intent of the legislature and do not violate the constitutional prohibition against double jeopardy. *State v. Perry*, 316 N.C. 87, 102-04, 340 S.E. 2d 450, 460-61 (1986); *State v. Russell*, 84 N.C. App. 383, 391, 352 S.E. 2d 922, 927, *disc. rev. denied and appeal dismissed*, 319 N.C. 677, 356 S.E. 2d 784, *cert. denied*, --- U.S. ---, 108 S.Ct. 336, 98 L.Ed. 2d 363 (1987). The assignment of error is overruled.

For the reasons stated above, we find that defendant's trial was free of reversible error.

No error.

Judge ORR concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

In my opinion, there is no substantial difference in the "willful blindness" instruction given by the trial court in this case and the "reason to know" instruction disapproved of by our Supreme Court in *State v. Boone*, 310 N.C. 284, 311 S.E. 2d 552 (1984). In my opinion, the "willful blindness" instruction given in this case entitles defendant to a new trial, and I therefore respectfully dissent from the majority's no error holding.