STATE OF NORTH CAROLINA v. JAIME LOPEZ, AKA JARDIEL ALVAREZ AND JOHNNY AHABREHAN SANCHEZ, AKA GENARIO HOLGIN

No. COA05-333

(Filed 7 March 2006)

**1. Drugs— conspiracy to traffic—sufficiency of evidence**

There was sufficient evidence for charges of trafficking in heroin and conspiracy to traffic where neither defendant had exclusive control of the premises to which a refrigerator containing heroin was shipped, but sufficient other incriminating circumstances were shown to provide evidence of knowledge and constructive possession.

**2. Drugs— conspiracy to traffic—instructions—underlying crime named**

There was no plain error in a prosecution for conspiracy to traffic in heroin where a review of the trial court's instructions reveals that the court specifically named the crime alleged to be the object of the conspiracy, contrary to defendant-Sanchez's contention on appeal.

**3. Drugs— trafficking—awareness of illicit substance—testimony presented—instruction erroneously denied**

There was plain error and a defendant convicted of trafficking in heroin was entitled to a new trial where he testified that he was not aware of the heroin in a refrigerator a third party had paid him to receive, he properly requested an instruction that he was guilty only if he knew the refrigerator contained an illicit substance, and he did not receive that instruction.

**4. Drugs— trafficking—no awareness of illicit substance— evidence not presented—issue not raised at trial**

A heroin trafficking defendant who did not present evidence that he was unaware of the contents of a package and did not raise the issue at trial did not receive the benefit of plain error in the trial court's failure to instruct on knowledge of an illicit substance.

Appeal by defendants from judgments entered 17 September 2004 by Judge Michael E. Helms in Guilford County Superior Court. Heard in the Court of Appeals 7 December 2005.

*Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Kathryn Jones Cooper, and Assistant Attorneys General Donald W. Laton and Allison S. Corum, for the State.*

*Jarvis John Edgerton, IV for defendant-appellant Jaime Lopez, aka Jardiel Alvarez.*

*George E. Kelly, III for defendant-appellant Johnny Ahabrehan Sanchez, aka Genario Holgin.*

HUNTER, Judge.

Jaime Lopez, aka Jardiel Alvarez ("Lopez"), and Johnny Ahabrehan Sanchez, aka Genario Holgin ("Sanchez"), appeal from judgments entered 17 September 2004 consistent with jury verdicts for trafficking in heroin and conspiracy to traffic. For the reasons stated herein, we grant a new trial as to Lopez, but find no error as to Sanchez.

The State's evidence tends to show that on 15 September 2003, an employee of Overnite Trucking ("Overnite"), a freight company, contacted Detective J. M. Ferrell ("Detective Ferrell"), a High Point police detective and drug enforcement agent, regarding suspicious freight that had arrived. Detective Ferrell went to Overnite's loading docks and investigated the package. The package, a small refrigerator, had been shipped from a location in California near the Mexican border. Detective Ferrell testified that the package appeared suspicious because the shipping location was known as a high narcotics area, an unusually high shipping cost was listed on the label, and the package had been dropped off for shipping rather than picked up at a verifiable address.

**STATE v. LOPEZ**

[176 N.C. App. 538 (2006)]

Overnite granted Detective Ferrell permission to remove the box to perform a narcotics detection dog sniff. The dog alerted to the package, indicating that there were narcotics in the container. A search warrant was obtained. When searched, the package revealed a small refrigerator containing two bundles packaged in a manner that suggested they contained narcotics. A controlled delivery to the shipping address was arranged.

The package was delivered to 7654 Jackson School Road, Brown Summit, North Carolina. Detective Ferrell posed as a trucking company worker and delivered the package to Lopez, the addressee on the carton. Lopez paid Detective Ferrell for the delivery after it was placed in the living room.

Approximately ten minutes after the delivery was complete, law enforcement officers executed a previously obtained search warrant. Along with other co-defendants, Lopez and Sanchez were standing outside the house near a vehicle with a hidden compartment, and were handcuffed and taken into the house. The officers discovered that the shipping carton had been opened, the small refrigerator removed, and the enclosed bundles laid on top of the refrigerator.

The refrigerator and bundles were dusted for latent prints. Prints were found on both the right and left sides of the refrigerator. An analysis of the prints showed that those taken from the left side of the refrigerator matched Lopez's prints, and the prints from the right side of the refrigerator matched Sanchez's prints. An examination of the bundles revealed a heroin mixture weighing 1,985 grams.

Lopez testified at trial that he did not know the refrigerator contained heroin, and that he had been hired by a man named "Eric" to check on the house at 7654 Jackson School Road and receive the appliance delivery. Lopez stated that he had received a delivery at that address for "Eric" on a previous occasion. Lopez stated that he did not open the box or refrigerator, and did not see the heroin until it was presented as evidence at trial. Sanchez did not testify at trial.

The jury found both Lopez and Sanchez guilty of trafficking by possessing more than twenty-eight grams of heroin and conspiracy to traffic by possessing more than twenty-eight grams of heroin. Lopez and Sanchez were each sentenced to consecutive sentences of 225 to 279 months respectively. Lopez and Sanchez appeal together from their respective judgments.

I.

[1] Lopez and Sanchez first contend the trial court erred in denying their motions to dismiss all charges for insufficient evidence. We disagree.

" 'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied.' " *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (citation omitted). "Substantial evidence is evidence from which any rational trier of fact could find the fact to be proved beyond a reasonable doubt." *State v. Sumpter*, 318 N.C. 102, 108, 347 S.E.2d 396, 399 (1986). "The State may meet this burden by either direct or circumstantial evidence. The law makes no distinction between the weight to be accorded to direct or circumstantial evidence." *State v. Jenkins*, 167 N.C. App. 696, 699, 606 S.E.2d 430, 432, *per curiam affirmed*, 359 N.C. 423, 611 S.E.2d 833 (2005). "In reviewing challenges to the sufficiency of evidence, we must view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences." *Barnes*, 334 N.C. at 75, 430 S.E.2d at 918.

The crime of trafficking in heroin "has two elements: (1) knowing possession (either actual or constructive) of (2) a specified amount of heroin." *State v. Keys*, 87 N.C. App. 349, 352, 361 S.E.2d 286, 288 (1987). The crime of conspiracy "involves an agreement of two or more persons to do an unlawful act or to do a lawful act by unlawful means." *State v. Diaz*, 155 N.C. App. 307, 319, 575 S.E.2d 523, 531 (2002). Lopez contends that insufficient evidence was presented to show that he knowingly possessed heroin, and Sanchez contends that insufficient evidence was presented to show constructive possession of heroin.

"Knowledge may be shown even where the defendant's possession of the illegal substance is merely constructive rather than actual." *State v. Crudup*, 157 N.C. App. 657, 662, 580 S.E.2d 21, 26 (2003). "Constructive possession exists when the defendant, 'while not having actual possession, . . . has the intent and capability to maintain control and dominion over' the narcotics." *State v. Matias*, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (citation omitted). " 'Where such materials are found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of

knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession.' " *Id.* at 552, 556 S.E.2d at 270-71 (citation omitted). " 'However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred.' " *Id.* at 552, 556 S.E.2d at 271 (citation omitted).

Here, the evidence, when taken in the light most favorable to the State, shows that the refrigerator containing nearly 2,000 grams of heroin was addressed for delivery to and was received by Lopez. Prior to the entry of the police, the evidence shows that Lopez and Sanchez removed the packaging from the refrigerator, and that its contents, the packaged heroin, were emptied onto the top of the refrigerator. Lopez and Sanchez then exited the house to stand with two other men near Lopez's vehicle, which contained a hidden compartment. Although neither Lopez nor Sanchez had exclusive control of the premises, when taken in the light most favorable to the State, sufficient other incriminating circumstances were shown to provide evidence of knowledge and constructive possession sufficient to survive a motion to dismiss. This assignment of error is overruled.

II.

**[2]** Sanchez next contends the trial court committed plain error in omitting an element in its jury instruction for the charge of conspiracy. We disagree.

We first note that Sanchez did not object to the jury instructions at trial, and therefore failed to preserve this issue for review. N.C.R. App. P. 10(b)(2). Sanchez requests, however, that the Court review this issue for plain error. "[P]lain error . . . is error 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached.' " *State v. Parker*, 350 N.C. 411, 427, 516 S.E.2d 106, 118 (1999) (citations omitted).

Here, Sanchez asserts that the trial court failed to name the crime alleged to be the object of the conspiracy. However a review of the jury instructions reveals that the trial court specifically instructed the jury that in order to find Sanchez guilty of conspiracy, the State must prove beyond a reasonable doubt that "the agreement was to commit the offense of trafficking in a controlled substance of more than twenty-eight grams of heroin." As the trial court specifically named

the crimes alleged to be the object of the conspiracy, we find this assignment of error to be without merit.

## III.

[3] Lopez next contends that the trial court erred in failing to instruct the jury that it must find Lopez knew he possessed heroin in order to convict him of trafficking. Sanchez contends that the trial court committed plain error in failing to give the same instruction. Although we agree the failure to give the instruction requested by Lopez was error entitling him to a new trial, with respect to Sanchez, we do not find that the failure to give the instruction rises to the level of plain error.

The case of *State v. Boone*, 310 N.C. 284, 311 S.E.2d 552 (1984), provides the basis for Lopez's requested pattern jury instruction. In *Boone*, the defendant was charged with possession of marijuana after two duffle bags of marijuana were found in the trunk of the defendant's automobile. *Id.* at 286, 311 S.E.2d at 554. The defendant admitted that the duffle bags were found in his automobile, but denied all knowledge of the contents of the duffle bags, which he alleged belonged to a passenger. *Id.* at 293-94, 311 S.E.2d at 558-59. The trial court instructed the jury according to the pattern jury instructions existing at that time, stating:

> "Now, Ladies and Gentlemen of the Jury, I charge that for you to find the defendant guilty of possessing marijuana, a controlled substance with the intent to sell and/or deliver it, the State must prove two things beyond a reasonable doubt. First, that the defendant knowingly possessed marijuana. *And the defendant, and in that connection, the defendant knew or had reason to know that what he possessed was marijuana and marijuana is a controlled substance.* (Emphasis added.)"

*Id.* at 291, 311 S.E.2d at 557. The defendant contended that the instruction, which was allegedly based on the case of *State v. Stacy*, 19 N.C. App. 35, 197 S.E.2d 881 (1973), was not supported by case law, and our Supreme Court agreed. The Court found that *Stacy* had rejected an instruction similar to the one given in *Boone*, and had instead held that under the evidence in that case, " 'the court should have instructed the jury that the defendant is guilty only in the event he knew the package contained heroin and that if he was ignorant of that fact, and the jury should so find, they should return a verdict of not guilty.' " *Boone*, 310 N.C. at 291, 311 S.E.2d at 557 (quoting *Stacy*, 19 N.C. App. at 38, 197 S.E.2d at 882-83).

The Supreme Court then looked to the case of *State v. Elliott*, 232 N.C. 377, 61 S.E.2d 93 (1950), a possession case involving a similar factual circumstance where the defendant raised as a determinative issue his lack of knowledge of the contents of a grass bag which contained an illegal substance, in that case liquor. In *Elliott*, the Court found that "ordinarily, where a specific intent is not an element of the crime, proof of the commission of the unlawful act is sufficient to support a verdict." *Id.* at 378, 61 S.E.2d at 95. *Elliott* further noted that " '[t]he presumption, however, is not conclusive; it is evidence only so far as to prove a *prima facie* case in respect to the intent.' " *Id.* (citation omitted). Because in *Elliott* the defendant specifically pled lack of knowledge and offered evidence in support of that contention, the Court held that

> under the circumstances of this case, guilty knowledge on the part of the appellant is an essential element of the crimes charged, and the law in respect thereto becomes a part of the law of the case which should be explained and applied by the court to the evidence in the cause.

*Id.* at 378-79, 61 S.E.2d at 95. *Elliott* then reviewed the trial court's jury instruction, stating that:

> The court, it is true, charged the jury that defendants contend the liquor belonged to [another party] and that they had no knowledge the liquor was in their automobile[] . . . [b]ut [also] charged the jury that if they were satisfied beyond a reasonable doubt that the defendant . . . at the time and place in question, was transporting illicit liquor . . . they should return a verdict of guilty on that count.

*Id.* at 379, 61 S.E.2d at 95. *Elliott* found that such a charge was insufficient and ordered a new trial, finding that:

> Under the circumstances of this case the court should have instructed the jury that the defendant is guilty only in the event he knew the liquor was on his automobile and that if he was ignorant of that fact, and the jury should so find, they should return a verdict of not guilty.

*Id.* The Court in *Boone* applied the same principles as *Elliott*, and similarly concluded that as the defendant had raised his lack of knowledge as a determinative issue of fact:

> Under the circumstances of this case, the court should have instructed the jury that the defendant is guilty only in the event he

knew the marijuana was in the trunk of his automobile and that if he was ignorant of that fact, and the jury should so find, they should return a verdict of not guilty.

*Boone*, 310 N.C. at 294, 311 S.E.2d at 559.

As a result of the Supreme Court's holding in *Boone*, the North Carolina Pattern Jury Instructions were amended. 2 N.C.P.I.—Crim. 260.17 (2003) now directs that an appropriate instruction for Drug Trafficking by Possession states:

> For you to find the defendant guilty of this offense the State must prove two things beyond a reasonable doubt:
>
> First, that the defendant knowingly possessed [heroin]. A person possesses [heroin] if he is aware of its presence and has (either by himself or together with others) both the power and intent to control the disposition or use of that substance.
>
> And Second, that the amount of [heroin] which the defendant possessed was [greater than 28 grams].

*Id.* However the instruction further directs in Footnote 2 that "[i]f the defendant contends that he did not know the true identity of what he possessed," the first element of the instruction should be amended to read as follows: "First, that the defendant knowingly possessed [heroin] and the defendant knew that what he possessed was [heroin]." *Id.* Thus the proper instruction to be given when a defendant contests lack of knowledge as to the true identity of what he possessed is:

> For you to find the defendant guilty of this offense the State must prove two things beyond a reasonable doubt:
>
> First, that the defendant knowingly possessed [heroin] *and the defendant knew that what he possessed was [heroin]*. A person possesses [heroin] if he is aware of its presence and has (either by himself or together with others) both the power and intent to control the disposition or use of that substance.
>
> And Second, that the amount of [heroin] which the defendant possessed was [greater than 28 grams].

*Id.* (emphasis added).

Here, Lopez properly requested that the trial court instruct the jury with the amended instruction, as he contended in his testimony

that he was unaware that heroin was in the refrigerator that he had been paid to receive for a third party. Our courts have previously awarded new trials for the failure to properly instruct the jury that a defendant was guilty only if he knew a package contained an illicit substance, when the defendant had presented evidence that he lacked knowledge of the true contents of the package. *See Boone*, 310 N.C. at 295, 311 S.E.2d at 559; *Elliott*, 232 N.C. at 379, 61 S.E.2d at 95; *Stacy*, 19 N.C. App. at 38, 197 S.E.2d at 883. Under the circumstances of this case, therefore, as is required under *Boone*, Lopez is entitled to a new trial.

[4] Sanchez concedes that he did not request the amended instruction, but requests that this Court review the instruction for plain error. As noted above, only error " 'so fundamental as to amount to a miscarriage of justice or which probably resulted in the jury reaching a different verdict than it otherwise would have reached[,]' " rises to the level of plain error. *Parker*, 350 N.C. at 427, 516 S.E.2d at 118 (citations omitted).

Here, unlike with Lopez, Sanchez presented no evidence that he was unaware of the contents of the package and did not raise the issue of his knowledge as a determinative issue of fact to the trial court, as was the case in *Boone* and *Elliott*. We therefore find that as Sanchez did not contend that he lacked knowledge as to the true identity of what he possessed, based on the evidence before the trial court, the failure to give the requested instruction as to Sanchez was not error.

As the trial court erred in failing to give the requested instruction as to Lopez, we grant a new trial. As there was sufficient evidence to survive a motion to dismiss and as we find no error in the trial court's jury instruction as to Sanchez, we find no error in the judgments.

New trial as to Lopez, no error as to Sanchez.

Judges McCULLOUGH and GEER concur.