STATE OF NORTH CAROLINA
v.
JACOB DANIEL FULLER.
No. COA08-1295.
Court of Appeals of North Carolina.
Filed May 19, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Gregory P. Roney, for the State
Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant-appellant.
ROBERT C. HUNTER, Judge.
Defendant was charged with possession of cocaine with intent to manufacture, sell and deliver and of sale and delivery of cocaine. He was found guilty of possession of cocaine. Upon his admission to habitual felon status, he was sentenced to imprisonment for a minimum term of 107 months and a maximum term of 138 months.
The State presented evidence tending to show that Chris Schmittberger agreed to make a controlled purchase of drugs in exchange for dismissal of a pending charge of selling a counterfeit controlled substance. On 14 August 2007 Schmittberger came to the Morehead City Police Department, where he was wired by narcotics officers with video and audio equipment and given some cash for the purpose of going to 2305 Mayberry Loop Road and making a controlled buy of drugs. The officers drove Schmittberger to a drop off area and watched him walk into the residence at 2305 Mayberry Loop Road. Schmittberger returned from the residence in possession of a substance subsequently chemically analyzed as cocaine base. Schmittberger did not have the substance prior to entering the house.
Schmittberger testified that on 14 August 2007 two police officers gave him $40 in cash and told him to purchase drugs with the money. He entered a house on Mayberry Loop Road and had a conversation with a man named Anthony Bright. He then walked to a side yard and talked to a man whom he identified as defendant. He and defendant went back into the house. As he talked to a third man named Michael, defendant came out of a bedroom and handed him a baggie. He then returned to the location where the officers were waiting. He gave the baggie to the officers.
Defendant did not present any evidence.
Defendant contends the court committed plain error in its instructions responding to a question by the jury. The record shows that in its charge to the jury, the court instructed the jury that in order to find defendant guilty of possession of cocaine with intent to sell or deliver, it had to find that defendant "knowingly possessed cocaine." The court further instructed the jury that "[a] person possesses cocaine when he is aware of its presence and has either by himself or together with others both the power and intent to control the disposition or use of that substance." After deliberating thirty minutes, the jury returned to the courtroom and asked the court to define the term "knowingly." The court instructed the jury:
It means just what the King James  not King James the other source. Means just what the Merriam Webster dictionary says. Knowledge means you know or have a reasonable basis for knowing.
Let me give this to you here.
`...the defendant knowingly possessed cocaine. A person possesses when he is aware of its presence and has either by himself or together with others both the power and intent to control the disposition or use of that substance.'
Okay? Does that answer your question? All right. You may return to continue deliberations.
The jury returned to the jury room. Defendant did not object to the instructions. Approximately one hour and twelve minutes later the jury returned to the courtroom with a verdict.
Relying upon State v. Boone, 310 N.C. 284, 294, 311 S.E.2d 552, 559 (1984), defendant argues the court's instruction in response to the jury's question is erroneous due to the use of the phrase "have a reasonable basis for knowing." Because defendant's counsel did not object to this instruction defendant is entitled to relief only if the instruction amounted to plain error. State v. Parker, 350 N.C. 411, 427, 516 S.E.2d 106, 118 (1999) (citations omitted). To constitute plain error, an instructional mistake is "so fundamental as to amount to a miscarriage of justice" or "probably resulted in the jury reaching a different verdict than it otherwise would have reached." State v. Bagley, 321 N.C. 201, 213, 362 S.E.2d 244, 251 (1987), cert. denied, 485 U.S. 1036, 99 L.Ed. 2d 912, 108 S. Ct. 1598 (1988). The appellate court examines the entire record to determine if the instructional error had a probable impact on the jury's finding of guilt. State v. Odom, 307 N.C. 655, 661, 300 S.E.2d 375, 378 (1983). "[E]ven when the `plain error' rule is applied, `it is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.'" Id. at 660-61, 300 S.E.2d at 378 (quoting Henderson v. Kibbe, 431 U.S. 145, 154, 52 L. Ed. 2d 203, 212 (1977)).
We fail to detect plain error as defined above. The instruction given by the court in its original charge and at the conclusion of its instruction in response to the jury's question complied with the pattern instruction quoted with approval by this Court in State v. Lopez, 176 N.C. App. 538, 545, 626 S.E.2d 736, 741-42 (2006), in which we held a court does not commit plain error in failing to give an instruction in accordance with the pattern instruction when the affected defendant does not make lack of knowledge a determinative issue. Here, defendant did not raise the issue of lack of knowledge. The uncontradicted evidence shows that after Schmittberger, who was on a mission to purchase drugs, talked to him defendant went into a bedroom and returned with a baggie containing cocaine. Defendant handed the baggie to Schmittberger, who gave it to the police officers. With the exception of the brief language regarding the dictionary definition of the term, the court's instructions as a whole correctly stated the law. "Where the charge as a whole presents the law fairly and clearly to the jury, the fact that isolated expressions, standing alone, might be considered erroneous, affords no grounds for a reversal." State v. Jones, 294 N.C. 642, 653, 243 S.E.2d 118, 125 (1978).
All of defendant's other assignments of error not set forth in his brief or argued on appeal are deemed abandoned. N.C. R. App. P. 28(b)(6); State v. Murrell, 362 N.C. 375, 411, 665 S.E.2d 61, 85 (2008).
No error.
Judges STEELMAN and JACKSON concur.
Report per Rule 30(e).