STATE OF NORTH CAROLINA
v.
ERIK ALBERTO TELLEZ.
No. COA09-1010.
Court of Appeals of North Carolina.
Filed: April 6, 2010.
This case not for publication
Attorney General Roy A. Cooper, III, by Special Deputy Attorney General Thomas M. Woodward, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Daniel R. Pollitt, for defendant-appellant.
JACKSON, Judge.
Erik Alberto Tellez ("defendant") appeals judgment entered 6 January 2009 resulting in his conviction. For the reasons stated below, we hold no prejudicial error.
On 30 January 2008, Agent Travis Broughton ("Agent Broughton") was on duty working stationary traffic enforcement from his unmarked police car on Interstate 40 in Forsyth County. At about 2:00 p.m., he saw two males in a white Lincoln Continental ("the Lincoln") following a truck too closely. Agent Broughton followed the Lincoln and then turned on his interior blue lights and siren. At this point, both occupants began "a flurry of activity . . . [in the Lincoln] as soon as [they] started up the ramp on Lewisville-Clemmons Road. The driver and the passenger began looking at each other, looking down in the floor, looking left and right, looking back, [and] looking at each other again." Defendant, the driver of the Lincoln, turned on his right-hand signal, slowed down, and drove up the ramp of the Lewisville-Clemmons Road exit. He turned right onto Lewisville-Clemmons Road and drove one-eighth of a mile, passing a gas station and two restaurants prior to turning into a Mobil gas station ("the gas station"). As soon as the Lincoln stopped, a passenger ("the passenger") exited the car and began running in the northeast direction, away from the gas station. Agent Broughton testified that the passenger was wearing white clothing and ran as if he were carrying "something of significant weight." He ordered the passenger to stop, but the passenger kept running and "disappeared around [a hedgerow of bushes]." The passenger was not found.
Agent Broughton then turned his attention to defendant, who was sitting in the car. He searched defendant and did not find any drugs or weapons on defendant's person. However, Agent Broughton found "a large amount of U.S. currency" in defendant's pocket. He searched the Lincoln and failed to find any drugs. From his search of the Lincoln, Agent Broughton recovered defendant's pay stub, a "little" hatchet, and a shoe box containing a "wire mesh sifter" and two bottles of pink vitamin B-12 pills. Defendant's fingerprints were not found on any of these items. The car was registered to defendant's mother.
Jody Douthit ("Douthit") testified that she was in a parking lot across the street from the crime scene when the incident took place. She saw a man in white clothing throw a large white softball-sized object "into a wooded area" and then run away. Douthit found Deputy Thomas Osborne ("Deputy Osborne"), shared this information with him, and pointed to the area where she had seen the man throw the object. Deputy Osborne informed Agent Broughton. Agent Broughton went into the woods and found 125 grams of cocaine wrapped in clear cellophane "in the hedgerow" about thirty-five yards from defendant's car. Defendant's fingerprints were not found on the cellophane wrapping or on the cocaine. Canine officers tracked the woods near the gas station and found two $1.00 bills with cocaine residue but with no fingerprints.
Afterwards, Officer Shane Wells arrived at the gas station with his dog Sam, who is trained to smell various illegal drugs including cocaine, and knows to "alert" to an odor by scratching. The dog "alerted" to the presence of drugs on the exterior of all four doors of the Lincoln, the Lincoln's trunk, the top of the front seat, under the front passenger seat, the console area, and defendant's hat found in the backseat.
Defendant was charged with three felony drug offenses: (1) trafficking in twenty-eight grams or more but less than 200 grams of cocaine by possession; (2) trafficking in twenty-eight grams or more but less than 200 grams of the same cocaine by transportation; and (3) possession of the same cocaine with intent to sell and deliver. Defendant pled not guilty to all three charges. These charges initially were tried on 27 October 2008. However, a jury could not reach a verdict and a mistrial was declared. At a second trial on 5 January 2009, a jury found defendant guilty of all three charges. Defendant did not testify at trial nor present evidence in response to the State's case. Defendant now appeals.
First, defendant contends that all three convictions must be vacated due to the insufficiency of evidence and that his motion to dismiss should have been granted as to all three charges. We disagree.
We review the denial of a motion to dismiss de novo. State v. Robledo, 193 N.C. App. 521, 525, 668 S.E.2d 91, 94 (2008) (citing State v. Bagley, 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007)). In order to survive a motion to dismiss, the State must have presented substantial evidence as to each element of the offense charged and as to defendant's identity as the perpetrator. State v. Scott, 356 N.C. 591, 595, 573 S.E.2d 866, 868 (2002).
When ruling on a motion to dismiss for insufficient evidence, the trial court must consider the evidence in the light most favorable to the State, drawing all reasonable inferences in the State's favor. State v. McCullers, 341 N.C. 19, 28-29, 460 S.E.2d 163, 168 (1995). Any contradictions or conflicts in the evidence are resolved in favor of the State, State v. Malloy, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983), and evidence unfavorable to the State is not considered, State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894, cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). The trial court must decide "`only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.'" State v. Turnage, 362 N.C. 491, 493, 666 S.E.2d 753, 755 (2008) (quoting State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Crawford, 344 N.C. at 73, 472 S.E.2d at 925). When the evidence raises no more than a suspicion of guilt, a motion to dismiss should be granted. State v. Lee, 348 N.C. 474, 488-89, 501 S.E.2d 334, 343 (1998). However, so long as the evidence supports a reasonable inference of the defendant's guilt, a motion to dismiss is properly denied even though the evidence also "permits a reasonable inference of the defendant's innocence." State v. Butler, 356 N.C. 141, 145, 567 S.E.2d 137, 140 (2002).
State v. Miller, 363 N.C. 96, 98-99, 678 S.E.2d 592, 594 (2009).
Possession may be actual or constructive. State v. Beaver, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986). Constructive possession exists when a defendant, "while not having actual possession, . . . has the intent and capability to maintain control and dominion over [the drugs]." Id. (citing State v. Williams, 307 N.C. 452, 455, 298 S.E.2d 372, 374 (1983)). Defendant contends that the State failed to satisfy the criteria for constructive possession set forth in State v. Miller. 363 N.C. at 98-99, 678 S.E.2d at 594. According to Miller, "[u]nless a defendant has exclusive possession of the place where the contraband is found, the State must show other incriminating circumstances sufficient for the jury to find a defendant had constructive possession." Id. at 99, 678 S.E.2d at 594 (citing State v. Matias, 354 N.C. 549, 552, 556 S.E.2d 269, 271 (2001)).
In the case sub judice, defendant argues that the State failed to provide evidence to prove an essential element  the possession of cocaine  of all three criminal charges. However, the facts contradict defendant's argument. Although defendant did not have constructive or actual possession of the cocaine when it was in the woods, he did have control over the substance when it was in the Lincoln. Agent Broughton testified that defendant was the driver of the Lincoln and therefore in control of it; that once defendant and the passenger heard the sirens, they began "a flurry of activity" instead of pulling over on the shoulder, where there was room to do so; and that defendant took an exit, passing three stopping points prior to pulling over at the gas station located next to the woods. These circumstances could lead a reasonable mind to conclude that defendant knew that drugs were present in the car over which he had control.
In addition, two eyewitnesses, Douthit and Agent Broughton, together establish a chain of events that implies that the cocaine found in the woods came from defendant's car. Also, a wire mesh sifter and two bottles of pink B-12 vitamins were found in the Lincoln, both of which are items that are frequently used to divide and dilute the purity of drugs in order to have a larger amount to sell. Finally, the drug detection dog signaled to the presence of illegal drugs on all four exterior doors, in the trunk, on the front seat, under the front passenger seat, on the console areas between the front seats and on defendant's hat on the backseat. This evidence constitutes "other incriminating circumstances" sufficient to meet the State's burden. Accordingly, the State presented substantial evidence as to the element of possession, and defendant's argument fails.
Second, defendant argues that he is entitled to a new trial, because the trial court erroneously admitted Agent Broughton's evidence that the passenger threw the cocaine into the woods. We disagree.
Defendant argues that certain testimony provided by Agent Broughton is inadmissible hearsay. However, he failed to object to this testimony at trial. Our Supreme Court has held that a defendant may assert "plain error" on appeal regarding an evidentiary matter even when the defendant failed to make a timely objection at trial. State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983).
[T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.
Id. (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982)) (internal quotation marks omitted).
Defendant contends that specific testimony by Agent Broughton constitutes inadmissible hearsay pursuant to North Carolina General Statutes, section 8C-1, Rule 802 ("Rule 802"). "`Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. Gen. Stat. § 8C-1, Rule 801 (2007). Rule 802 provides that "[h]earsay is not admissible except as provided by statute or by these rules." N.C. Gen. Stat. § 8C-1, Rule 802 (2007). When a hearsay statement does not meet an exception to the rule, it is deemed presumptively unreliable. State v. Wilkerson, 363 N.C. 382, 420, 683 S.E.2d 174, 197 (2009).
In the case sub judice, defendant contends that four separate portions of Agent Broughton's testimony constitute inadmissible evidence. The first challenge is to Agent Broughton's testimony that a photograph was "a picture of . . . where Ms. Douthit saw the passenger of the vehicle throw the object[.]" Second, defendant takes exception with Agent Broughton's testimony that a photograph was a "picture of . . . where the passenger was seen . . . stopping here and actually throwing what was later discovered[.]" Third, Agent Broughton testified that "something of th[e] size and shape" of the recovered cocaine "was thrown" into the wood line. The final allegedly inadmissible statement is Agent Broughton's testimony that "an eyewitness said that she had seen a gentleman . . . throw the object into the woods. We retrieved it."
In the first two instances, Agent Broughton merely described pictures taken of the crime scene, which were marked as exhibits. At trial, defense counsel was asked if he had any objection to the admission of these photographs and none was made. The statements were made purely for illustrative purposes to describe the crime scene. In the third instance, Agent Broughton testified as to where he found the cocaine, and afterwards, he clearly stated that he had not seen a package on the passenger and he had not seen the passenger throw the cocaine into the woods. This testimony tends to inform the jury with details as to where the cocaine was located. In the fourth instance, it is clear from the record that the information in Agent Broughton's testimony was provided to explain why a second crime scene was created, not to prove the truth of the matter asserted. Agent Broughton's testimony satisfies the personal knowledge requirement, as he was the first police officer on the scene, he took defendant into custody, and he located the drugs. The testimony seen in the context in which it was given mitigates any reason to render the evidence inadmissible. Accordingly, we hold that defendant has not carried his burden to show plain error in the admission of Agent Broughton's testimony.
The third issue on appeal is whether defendant is entitled to a new trial because the trial court's jury instructions as to the "knowing" element were erroneous. The defendant did not object to this instruction at trial. Although we recognize that the trial court likely erred in providing an unclear instruction to the jury, this error does not rise to the level of plain error.
As stated above, plain error  the standard applicable to evidentiary issues when the defendant fails to make a timely objection at trial  presents a defendant with a high bar to overcome. Odom, 307 N.C. at 660, 300 S.E.2d at 378. In order for a jury instruction to warrant a new trial, it must be that "`the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.'" Id. (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982)). Our analysis requires that we look at the jury instructions as a whole, to see whether the instruction given was mitigated by other instructions given by the trial court. State v. Terry, 337 N.C. 615, 623, 447 S.E.2d 720, 72425 (1994). In order to overturn a trial court's decision, the error in the instruction must be "so fundamental that it denied the defendant a fair trial and quite probably tilted the scales against him." State v. Collins, 334 N.C. 54, 62, 431 S.E.2d 188, 193 (1993).
This Court long has recognized the importance of the knowledge element in drug cases. "`A general intent to commit the act charged is essential.'" State v. Boone, 310 N.C. 284, 293, 311 S.E.2d 552, 558 (1984) (quoting State v. Elliott, 232 N.C. 377, 379, 61 S.E.2d 93, 95 (1950)). Also, "the proper instruction to be given when a defendant contests lack of knowledge as to the true identity of what he possessed is: . . . `First, that the defendant knowingly possessed [cocaine] and the defendant knew that what he possessed was [cocaine].'" State v. Lopez, 176 N.C. App. 538, 545, 626 S.E.2d 736, 741 (2006) (quoting N.C.P.I. Crim. 260.17 (2003)) (original emphasis removed). However, knowledge of possession of contraband is presumed by the possession of contraband by a defendant unless the defendant denies such knowledge and contests this issue of fact.
A person is presumed to intend the natural consequences of his act. Hence, ordinarily, where a specific intent is not an element of the crime, proof of the commission of the unlawful act is sufficient to support a verdict. It follows that the State made out a prima facie case when it offered testimony tending to show that [the contraband was present in] the automobile then in the possession of and being operated by defendants.
Nothing else appearing, it would not be necessary for the court, in the absence of a prayer, to make reference in its charge to guilty knowledge or intent. Scienter is presumed. "The presumption, however, is not conclusive; it is evidence only so far as to prove a prima facie case in respect to the intent."
Boone, 310 N.C. at 292, 311 S.E.2d at 558 (quoting State v. Elliott, 232 N.C. 377, 378, 61 S.E.2d 93, 95 (1950)) (internal citations omitted). In the case sub judice, defendant did not testify nor present evidence to raise the issue of knowledge as a disputed fact. Therefore, the presumption in favor of the State has not been rebutted.
Here, in order for defendant to be convicted of the three offenses with which he is charged, he must have knowingly possessed cocaine. Defendant argues that the trial court committed plain error by giving the following jury instruction: "A person acts or fails to act knowingly when the person is aware or conscious of what he or she is doing." This instruction was given to the jury three times. We agree that this instruction is incomplete, especially when compared with "knowing" instructions in other drug cases.
The trial court clarified this instruction by inclusion of the following sentence: "A person possesses cocaine when he is aware of its presence and has, either by himself or together with others, both the power and intent to control the disposition or use of that substance." This additional sentence, while not ideal, is consistent with the presumption established by the State's prima facie showing established in Boone. The latter instruction is an appropriate addition and is similar to the instruction for Drug Trafficking by Possession that appears in the North Carolina Pattern Jury Instructions. N.C.P.I. Crim. 260.17 (2003).
The case of State v. Lopez, supra, is instructive. In Lopez, both defendants were convicted of drug charges after the trial court failed to give an instruction regarding knowledge to the jury. 176 N.C. App. at 545, 626 S.E.2d at 739. The first defendant, Lopez, had testified that he was not aware that the refrigerator contained heroin and that he was hired by a man to receive the appliance delivery. Id. According to Lopez, he did not see the heroin until it was presented as evidence at trial. Id. Sanchez, the second defendant, did not testify. Id.
We determined that Lopez, who was convicted of trafficking in heroin, was entitled to a new trial. Id. at 546, 626 S.E.2d at 742. Our decision was based upon the following reasons: he testified that he was not aware of the presence of heroin, he properly requested an amended instruction to state that he was guilty only if he had knowledge that the refrigerator contained an illicit substance, and his request was denied. Id. at 545-46, 626 S.E.2d at 742. The aggregate of these events demonstrates that Lopez made knowledge a contested issue at trial.
Sanchez, unlike Lopez, presented no evidence that he did not have knowledge of the contents of the refrigerator nor did he raise his knowledge as an issue of fact to the trial court by requesting an amended jury instruction. Id. at 546, 626 S.E.2d at 742. The plain error standard applied to Sanchez's appeal. Id. at 543, 626 S.E.2d at 740. Therefore, we held that Sanchez did not assert that he lacked knowledge as to the true identity of what he possessed. Id. at 546, 626 S.E.2d at 742. Based upon the evidence presented to it, the trial court did not err by failing to give the amended jury instruction as to Sanchez. Id.
Our ruling in Lopez indicated that the absence of a jury instruction will not rise to the level of plain error absent knowledge being a contested issue at trial. Id. We think that the instant case is more similar to Sanchez's, rather than Lopez's, situation. In the case sub judice, no issue of whether defendant was in knowing possession of the cocaine was raised at trial. The defendant did not raise it in witness testimony nor did he request a specific instruction for it at trial. Although the trial court likely committed error in this instance, we do not think that "it can be fairly said `the instructional mistake had a probable impact on the jury's finding that the defendant was guilty[,]'" especially in light of all of the other evidence which points to the defendant's guilt. Odom, 307 N.C. at 660, 300 S.E.2d at 378 (quoting United States v. McCaskill, 676 F.2d 995, 1002 (4th Cir. 1982)).
The facts of the case, which support defendant's conviction, are convincing, and we are not persuaded that a confusing jury instruction would mislead the jury into returning a verdict finding defendant guilty. Defendant took an exit and drove past three businesses prior to pulling over in response to a police car's signal to stop. Upon reaching the gas station, the passenger ran out of the car and subsequently was seen by an eyewitness dropping a large white object into the woods. A large object later recovered by police in that area was cellophane-wrapped cocaine. Traces of illegal drugs were found in defendant's car and materials used for drug dilution were also found in the vehicle. All of this evidence, taken together with the presumption in Boone, convinced the jury that defendant knew that he possessed cocaine. Therefore, we hold that this jury instruction does not rise to the level of plain error.
Defendant's final argument is that the judgment contains a clerical error. We agree.
In the 6 January 2009 judgment, defendant is listed as being guilty pursuant to North Carolina General Statutes, section 90-108(a)(7), even though defendant was convicted pursuant to North Carolina General Statutes, section 90-95(h)(3). Defendant asserts that the judgment must be remanded to correct this error. However, the correct statute is cited in the indictment, and the trial court referred to it at sentencing. We are able to make the necessary clerical correction without the need to remand.
We hold that the trial court did not commit prejudicial error as to the first three issues, and we correct the clerical error discussed in the final assignment of error.
No prejudicial error.
Judges CALABRIA and HUNTER, Jr., Robert N. concur.
Report per Rule 30(e).